590 So.2d 35 (1991)
James R. DECKARD, Appellant/Cross-Appellee,
v.
Kathleen DECKARD, Appellee/Cross-Appellant.
No. 90-1731.
District Court of Appeal of Florida, Fourth District.
December 4, 1991.
Mark T. Juanico, North Miami, for appellant/cross-appellee.
Jeffrey D. Kastner of Jeffrey D. Kastner, P.A., Pembroke Pines, for appellee/cross-appellant.
FARMER, Judge.
In this dissolution of marriage case, husband appeals an award of rehabilitative alimony of $975 per month for one year and then $500 per month for two years, saying the amount is so excessive as to be an abuse of discretion, and an award of attorney's fees to wife, saying she is as capable as he of securing competent legal representation. We disagree with him on the alimony but agree with him on the fees.
He is a Winn-Dixie store manager with net monthly earnings of $3,000. The parties agreed on all issues, including her need for some rehabilitative alimony, but could not agree on the amount or on whether he should share in paying some of her legal fees. Under the final decree, he must pay agreed child support of $725 per month and accumulated joint debts at the rate of $175 per month. With the rehabilitative alimony, he is effectively paying wife a monthly total of $1,875. The court reserved jurisdiction to determine the amount of attorney's fees later.
Before the final hearing, husband had been paying wife a combined child support and temporary alimony payment of more than $2,000 per month, and had been doing so for some eight or nine months. Although the parties differ over the amount of the accumulated joint debts for which husband is responsible, husband arguing that they actually bring his obligation to well over $300 per month, we have no choice but to adopt the view of the evidence that favors the trial judge's decision.
Recognizing that it is a close call on the alimony issue and that the numbers are capable of being seen as bringing husband close to court-ordered insolvency, at least during the first year after the decree, we must nevertheless apply the often incanted reasonableness test of Canakaris: a trial *36 judge's mix of alimony, support and property division can be set aside on appeal only if no reasonable judge could have ruled as the trial judge did. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). So viewed, we can find no basis to disturb the alimony award.
We are not able to be so indulgent with the entitlement to legal fees under section 61.16, Florida Statutes (1989). As the supreme court recently observed in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990):
A party's financial resources can substantially restrict the amount of attorney's fees awarded. Our case law implementing this statute requires a judge to consider the needs of the party seeking a fee and the financial resources of the parties to assure that both parties receive adequate representation. A significant purpose of this fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party.
555 So.2d at 835. It thus became necessary for the trial judge to assess the resources of both parties to determine if one should contribute to the other to equalize the access to adequate representation.
Under no view of the evidence could it have been necessary for husband to pay some of her fees. He paid her $8,500 in cash just before the divorce, and she received $27,000 in cash from the settlement of a workers compensation case prior to their separation, some of which she used for cosmetic plastic surgery after they separated. She also got the marital home, having an equity of some $38,000, along with almost everything in it. He, in turn, got his unvested pension plan, worth about $44,000 but which is incapable of being liquidated, and some incentive bonus points given by his employer and having a cash value of $2,000 but which can be used only to redeem for merchandise. On paper it appears very close to an even split of the marital assets.
Having so said, we are entirely unable to find any evidence to support either her need or his ability to pay it. As we have already noted on the alimony issue, he is very close (by one reasonable view of the evidence) to being insolvent. On the other hand, she either already has it or is capable of paying for it out of future earnings. The alimony is to permit her to finish her degree in an interior design course of study, in which field she is already working 25 hours per week at $8 per hour.
It is thus obvious to us that the trial judge simply applied the wrong legal standard. His award of entitlement to legal fees was thus not based on a properly founded exercise of discretion but on an error of law. Cf. Vickers v. Vickers, 413 So.2d 788 (Fla.3d DCA 1982).
We therefore affirm the alimony but reverse the entitlement to attorney's fees.
AFFIRMED IN PART AND REVERSED IN PART.
STONE and GARRETT, JJ., concur.