648 So.2d 1233 (1995)
Charles A. STANTON, Appellant,
v.
Bernadette F. STANTON, Appellee.
No. 94-0095.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
*1234 James R. Rich of the Law Office of James R. Rich, P.A., West Palm Beach, for appellant.
Michael A. Nugent, Lake Worth, for appellee.
GUNTHER, Judge.
Appellant, Charles A. Stanton (Former Husband), petitioner below, appeals a final judgment of dissolution of marriage awarding equitable distribution and child support. We affirm in all respects except one.
In an amendment to the final judgment of dissolution of marriage, the trial court lowered Former Husband's monthly net income from $3,120.00 to $2,750.00. As a result, the trial court reduced Former Wife's rehabilitative alimony award, but increased child support from $957.00 per month to $1,103.00 per month. Based upon the trial court's finding of Former Husband's monthly net income to be $2,750.00 and Former Wife's monthly net income to be $860.00, the minimum child support needed should be determined by the combined monthly net income of $3,610.00.
A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980); Armstrong v. Armstrong, 623 So.2d 1216, 1217 (Fla. 4th DCA 1993). Moreover, the percentage share of child support must be determined by dividing each parent's net income by their combined net incomes and section 61.30(9), Florida Statutes (1991) must be used to determine each parent's actual dollar share. Silver v. Borrelli, 584 So.2d 1077, 1079 (Fla. 4th DCA 1991).
Pursuant to section 61.30(6), Florida Statutes (1993), a combined monthly net income of $3,610.00 affords two children with a minimum support of $1,179.00. Each parent's percentage share of the child support need shall be determined by dividing each parent's net income by the combined net income. § 61.30(9), Fla. Stat. (1993). Thus, Former Husband's percentage of responsibility is $896.00 per month, or seventy-six percent of $1,179.00. The trial court's child support award exceeds this amount by $207.00 per month. Moreover, this amount exceeds the guideline amount by more than five percent. § 61.30(1)(a), Fla. Stat. (1993).
Accordingly, the trial court erred in its computation of child support. We therefore remand for correction of the child support award to comport with the child support guidelines.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, C.J., and KLEIN, JJ., concur.