THOMPSON, J.
Brian Freid (“former husband”) appeals a nonfinal order granting Mary Freid’s (“former wife”) motion for attorney’s fees and costs for appeal.[1] We affirm.
*834 The trial court held a hearing and determined that at the date of the hearing the former wife was earning $20,000 per year, that she had $430 in her checking account and that she had borrowed against the cash value of her life insurance policy to pay approximately $32,000 of the more than $100,000 in legal fees she had incurred in this dissolution action. The former wife did admit that she had approximately $9,500 in available credit on two credit cards. The former husband testified that his base salary was $64,812 and with overtime he earned $71,653.71 in 1997. He further testified that his household expenses and legal fees exceeded his income and, that, because he had no savings, he was required to take cash advances to cover his monthly income. He also testified that he was forced to liquidate his 401(k) plan to pay his appellate counsel. When he moved during the hearing to modify his previously filed financial affidavit, the trial court denied his motion because his former wife had not been given a copy of the revised financial affidavit and she did not have an opportunity to contest or refute its contents.
The trial court ruled orally that the former husband must pay $2,500 toward the former wife’s appellate attorney’s fees and that the amount could be paid at the rate of $500 per month. The trial court stated that the former husband could come back to the court if he found he could not pay the amount. The court’s written order contains the following findings: that the wife needs financial assistance in defending the appeal; that the husband has the ability to pay the wife’s attorney’s fees and costs; and “[t]hat the substantial disparity in income makes it equitable for the Husband to pay the Wife’s attorney’s fees and costs for appeal.” The written order varied from the oral pronouncement in that it required the former husband to pay the attorney’s fees directly to the former wife within 30 days of the order. On appeal, the former husband argues that there is no basis in the record to show that he had the ability to pay the former wife’s attorney’s fees, and therefore, the trial court must have made the ruling on some basis other than need and the ability to pay. We disagree with this assertion.
The standard for making an award of attorney’s fees under section 61.16, Florida Statutes, is the financial need of the requesting party and the financial ability of the other party to pay. Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996); Jones v. Jones, 671 So.2d 852 (Fla. 5th DCA 1996). In considering the parties’ financial resources as the statute requires, “the court should look to the financial resources available to each party without either party having to look beyond the resources under his or her individual control.” Freid, 717 So.2d at 145. (W-Sharp, J., concurring specially). The former husband’s argument that the lower court used the wrong basis to award the former wife attorney’s fees is not supported by the record. The written order expressly finds that the former wife needs financial assistance and that the former husband has the ability to pay. Further, the hearing transcript reveals that no evidence was presented, nor discussion had, pertaining to any issue other than need and ability to pay. Thus, the court did not err as a matter of law.
If, however, the former husband correctly argues there was no evidence to support the finding that he has the ability to pay, the award would be an abuse of discretion. See Seward v. Seward, 676 So.2d 49 (Fla. 5th DCA 1996). The evidence before the trial court showed the former husband’s gross monthly income is approximately $5,400, while the former wife’s is approximately $1,700, including temporary alimony. The former husband pays monthly rent or mortgage of $710, and he pays an average of $500 monthly to feed his household of four. Though the husband counts as evidence his testimony regarding a $2,500 monthly deficit, the court discounted that testimony and relied instead on a previously filed financial affidavit. The re *835 maining evidence supports the finding that the former husband has the ability to pay the former wife’s appellate attorney’s fees. Therefore, the former husband has shown no abuse of discretion. Finally, the oral pronouncement that the former husband pay the $2,500 at the rate of $500 per month controls over the written order requiring a lump sum payment. See Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991) (oral pronouncements control over clerical errors in subsequent written orders).
AFFIRMED.
GRIFFIN, C.J., and COBB, J., concur.

. This is the second appearance of this case in this court. See Freid v. Freid, 717 So.2d 145 (Fla. 5th DCA 1998) (reversing temporary attorney’s fee award and remanding for reconsideration).