STRINGER, Judge.
Daniel Wildtraut, the husband, challenges the final judgment entered in this dissolution of marriage action. Specifical *183 ly, he objects to the unequal distribution of the parties’ retirement accounts. Because the trial court failed to affirmatively dispose of the wife’s individual retirement account (IRA) in its equitable distribution scheme, we reverse.
The parties stipulated to the division of most of their marital assets. However, disposition of the proceeds from the sale of both the marital home and some personal property, the parties’ pension and retirement plans, and an income tax refund was submitted to the trial court for determination. The court awarded each party equal shares of all of these assets with the exception of the wife’s IRA.
Section 61.076(1), Florida Statutes (1997), provides that all rights (vested and nonvested) in retirement funds, annuities, profit-sharing and insurance plans, which accrue during the course of the marriage should be deemed marital assets and be subject to equitable distribution. See also § 61.075(5)(a)(4), Fla.Stat. (1997). In this case, the trial court correctly identified the parties’ retirement accounts as marital property and awarded them equal shares in the husband’s pension plan; however, the court failed to distribute the wife’s IRA as a marital asset.
In distributing marital assets and liabilities, a trial court must begin with the premise that distribution should be equal. The court, however, may order an unequal distribution of the parties’ assets and liabilities based on factors enumerated in section 61.075(l)(a)-(j), Florida Statutes (1997). If the court makes such an unequal distribution, it must be based on a rationale which is supported by the record. Kirkland v. Kirkland, 618 So.2d 295, 297 (Fla. 1st DCA 1993), disapproved of on other grounds, Boyett v. Boyett, 703 So.2d 451 (Fla.1997); Strickland v. Strickland, 567 So.2d 525, 526 (Fla. 2d DCA 1990) (noting that trial court need not make findings of fact in every case, but such findings are frequently necessary to facilitate meaningful appellate review of the unequal division of marital property).
The wife contends that the trial court “determined that title to the IRA should not be altered” and that the final judgment “clearly designates which spouse is entitled to [the IRA].” While the final judgment assigns a value to the IRA and identifies it as a marital asset, contrary to the wife’s contention, the judgment is silent as to how, or even if the IRA should be divided. The wife argued at the final hearing that she should be granted exclusive rights to her IRA, however there is no evidentiary basis in the record nor rationale in the final judgment to support such an award. Based on our review of the record, we suspect that the IRA was inadvertently omitted from the trial court’s equitable distribution scheme, and the time and expense of this appeal may very well have been avoided by simply filing a motion for rehearing in the trial court.
In the absence of findings of fact and record evidence justifying this unequal distribution of the parties’ retirement benefits, we reverse. On remand, we would suggest that the trial court equally distribute the wife’s IRA or make findings of fact to support its exclusive award to the wife. We also note that the record does not support the trial court’s finding that the wife’s IRA has a value of $25,000. Testimony indicates that the value of the account is only $24,000. The final judgment and equitable distribution scheme is otherwise affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
PATTERSON, C.J., and PARKER J., concur.