839 So.2d 867 (2003)
Karen J. ONDREJACK, Appellant/Cross-Appellee,
v.
John J. ONDREJACK, Appellee/Cross-Appellant.
No. 4D01-4852.
District Court of Appeal of Florida, Fourth District.
March 12, 2003.
*869 Denise Rappaport Isaacs of Denise Rappaport Isaacs, Esquire, P.A., Boca Raton, for appellant/cross-appellee.
M. Daniel Hughes of M. Daniel Hughes, P.A., Fort Lauderdale, for appellee/cross-appellant.
DAMOORGIAN, DORIAN, Associate Judge.
The Appellant, Karen J. Ondrejack ("wife"), appeals a final judgment of dissolution of marriage in which she was awarded bridge the gap alimony and child support. The Appellee, John J. Ondrejack ("husband"), cross-appeals the award of attorney's fees and costs to the wife.[1] We reverse and remand for reconsideration the alimony award, computation of child support and affirm on the award of attorney's fees.
I. BACKGROUND
The husband and wife were married for approximately twenty years. Two children were born as a result of the marriage. The oldest child was born in 1983, and the younger child was born in 1987.
The wife is employed as a medical assistant earning $10.75 per hour. She stipulated to earning a net monthly income of approximately $1,629.00. The record reflects that the wife sustained a neck injury which left her with herniated disks in her neck causing her to suffer migraine headaches and radiating pain down her arm.
The husband was a sales engineer. His financial affidavit reflected a net monthly income of $4,616.00. He also has the potential to receive an annual bonus not to exceed 75% of the base salary. The amount of the bonus varied each year and there was no guarantee that he would receive a bonus in any particular year.
There was also testimony that in previous years the husband received a mega-bonus which his employer discontinued. Before trial, the husband stipulated to his annual income being $71,744.00. The husband introduced evidence that over the past five years his average income without the mega-bonus was $98,339.00 and that his average income including the mega-bonus was approximately $126,909.00. In addition to his salary and bonuses, there was testimony that he received various reimbursements for expenses. The wife's accountant calculated his reimbursements to total approximately $69,156.56 in 2000.
After an evidentiary hearing, the trial court entered a final judgment. The court found that the husband's current employerwas contracted to pay him $71,744.00 as a base salary, plus a potential bonus not to exceed 75% of his base annual salary. The wife earned $1,629.00 per month as a medical assistant.
In regards to the request for alimony, the court found the parties to be in good health, both parties were capable of being employed full time, the parties did not have significant debt, neither party had significant non-marital assets, and the marital assets and liabilities were to be evenly distributed between them. Based on these findings, the court ordered the *870 husband to pay bridge-the-gap alimony in the amount of $1600.00 per month to the wife for five years. The husband was also ordered to pay child support in the sum of $1,146.60 per month for both children until June 2002 and, thereafter, $715.80 per month. Finally, the husband was ordered to pay the wife's reasonable attorney's fees and costs, excluding her accountant's fee.
II. THE TRIAL COURT ERRED BY NOT CONSIDERING ALL OF THE APPROPRIATE STATUTORY FACTORS UNDER SECTION 61.08(2), FLORIDA STATUTES, AS A PREDICATE TO AWARDING PERIODIC REHABILITATIVE ALIMONY RATHER THAN PERMANENT ALIMONY.
An award of alimony will usually not be reversed on appeal absent an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Green v. Green, 228 So.2d 112 (Fla. 3d DCA 1969). However, "[w]here a trial judge fails to apply the correct legal rule ... the action is erroneous as a matter of law." Kennedy v. Kennedy, 622 So.2d 1033, 1034 (Fla. 5th DCA 1993).
In the instant case, the trial court erred by not considering all of the appropriate statutory factors under section 61.08(2), Florida Statutes, as a predicate to awarding periodic rehabilitative alimony rather than permanent alimony.
Section 61.08(1), Florida Statutes (2002) mandates that the court include findings of fact relative to the factors enumerated in subsection 2. Subsection 2 lists several economic factors that the trial court "shall consider" in determining a proper award of alimony. A failure to consider all of the mandated factors is reversible error. See Segall v. Segall, 708 So.2d 983, 986 (Fla. 4th DCA 1998)(reversing permanent alimony award where, in the absence of sufficient factual findings concerning the statutory factors, it was impossible for the court to assess the reasonableness of the permanent alimony award); Medlin v. Medlin, 656 So.2d 528 (Fla. 4th DCA 1995)(reversing award of lump sum alimony where judgment considers some but not all of the factors listed under 61.08(2)); Kennedy, 622 So.2d at 1033 (holding that the trial court erred in its application of the law when it failed to consider all of the statutory factors).
Here, the final judgment indicates the trial court considered some but not all of the appropriate factors.
The final judgment read in part:
In accordance with Florida Statute Section 61.08(2), the court makes the following findings regarding the request of the Wife for alimony:
A. The parties are both generally in good health.
B. The parties are capable of being employed full time.
C. The parties do not have any significant debt, other than their mortgage in the approximate sum of $55,000.00.
D. Neither party has significant non-marital assets.
E. The martial assets and liabilities will be evenly distributed between them pursuant to the Pretrial Stipulation and in-Court stipulations.
Although factual findings were made as to most of the statutory factors, including the age of the parties and the duration of the marriage, the record demonstrates the trial court failed to include these as considerations as well as the standard of living established during the course of the marriage in fashioning the award.
While the trial court did find that the wife was 46 and that the parties were married for 20 years, the record indicates that the court failed to consider these factors in determining whether permanent *871 alimony should be awarded. The trial court's failure to identify which factors it did and did not consider and the weight it gave to each is significant because the marriage qualifies as "long term," which carries a rebuttable presumption of entitlement to permanent alimony. See Hill v. Hooten, 776 So.2d 1004 (Fla. 5th DCA 2001)(recognizing that a seventeen year marriage qualified as long term); Cerra v. Cerra, 820 So.2d 398, 401 (Fla. 5th DCA 2002).
The final judgment is also devoid of any finding of fact as to the standard of living established by the parties during the marriage. The trial court's failure to make any findings of fact regarding the standard of living of the parties during the marriage inhibits this court from making a proper determination as to whether the bridge-the-gap alimony was appropriate or that the presumption of entitlement to permanent alimony was rebutted. See Peterson v. Peterson, 818 So.2d 683 (Fla. 4th DCA 2002)(reversing and remanding for requisite finding of fact to be made as to the standard of living of the parties during the marriage); Perrin v. Perrin, 795 So.2d 1023 (Fla. 2d DCA 2001)(holding that trial court is required to include the relative findings that were considered in determining alimony).
While the wife asks this court to find an abuse of discretion and declare that she is entitled to permanent alimony, such a ruling would entail weighing the evidence and the statutory factors. Although the facts in this case suggest strongly that permanent alimony should have been awarded, as this court has recognized, "[i]n the absence of sufficient factual findings concerning the statutory factors [and consideration of those factors by the trial court] it is impossible for this court to assess the reasonableness of the permanent alimony award." Segall, 708 So.2d at 987; see also Hill, 776 So.2d at 1005. The proper remedy here is to reverse and remand with instructions that proper consideration be made as to all of the statutory factors based upon the evidence in the record. See Parenteau v. Parenteau, 795 So.2d 1124 (Fla. 5th DCA 2001).
III. THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING PRESENT EARNINGS AND HISTORICAL SALARY TO CALCULATE CHILD SUPPORT AND EXCLUDING REIMBURSEMENT INCOME, AND FURTHER ERRED IN NOT MAKING REQUIRED FINDINGS.
A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. Stanton v. Stanton, 648 So.2d 1233, 1234 (Fla. 4th DCA 1995).
Section 61.30(9), Florida Statutes, provides the statutory formula which must be used to determine each parent's actual dollar share. Stanton, 648 So.2d at 1234. Without any specific findings regarding the husband's net income, it is impossible to determine whether the support is within the guidelines or substantially exceeds the guidelines. As this court has recognized,
[w]ithout the benefit of explicit findings on net income attributable to the husband and the wife, we are unable to determine if the amount of [child] support is within the guidelines or substantially exceeds the guidelines. It may be that the trial court imputed additional income to the former husband, but factual findings as to the probable and potential earnings level, source of imputed and actual income and adjustments to income must also be set forth.... Such findings assist the appellate court in determining whether the statutory support guidelines were properly applied....

*872 * * *
While we give full weight to the exercise of the trial court's sound discretion, the only way to evaluate its discretion is for the trial court to make explicit findings either on the record or by written order. The child support statute mandates this and meaningful appellate review requires it.
Segall, 708 So.2d at 988 (quoting Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994)). The only income the court attributes to the husband is the $71,744.00 base salary. The judgment refers to the potential 75% bonus but fails to set forth a finding as to how much, if any, of that bonus it is imputing to the husband as income. No findings are made as to any deductions, other than the alimony deduction, or reimbursable expenses to arrive at a net monthly income figure. Without such factual findings, the final judgment was deficient and the child support award must be reversed and remanded for the court to make specific findings as to the amount and sources of the husband's income and any imputed income. See Segall, 708 So.2d at 989; see also Sumlar v. Sumlar, 827 So.2d 1079 (Fla. 1st DCA 2002)(reversing and remanding for specific factual findings so as to permit review of the child support award); Cooper v. Cooper, 760 so.2d 1048 (Fla. 2d DCA 2000)(holding that final judgment was deficient where no findings were made as to parties actual incomes).

IV. THE TRIAL COURT DID NOT ERR AWARDING THE WIFE HER ATTORNEY'S FEES AND COSTS.[2]
The award of attorney's fees will not be reversed absent an abuse of discretion. See Simpson v. Simpson, 780 So.2d 985, 989 (Fla. 5th DCA 2001). The purpose of awarding attorney's fees under section 61.16 is to ensure that both parties will have a similar ability to obtain competent legal counsel. Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). The standard for making the award is the financial need of the requesting party and the financial ability of the other party to pay. Freid v. Freid, 731 So.2d 833, 834 (Fla. 5th DCA 1999). Furthermore, when the husband has significantly more income than the wife, notwithstanding an equal division of marital assets, this court has awarded attorney's fees to the wife. See Adair v. Adair, 720 So.2d 316 (Fla. 4th DCA 1998)(holding that order denying attorney's fees to the wife should be reversed where husband had significantly more income even after an equitable distribution of the assets).
Here, the evidence showed that the wife earned approximately $1,629.00 per month in net monthly income or $19,548 annually. At a minimum, the husband was contracted to earn a base annual salary of $71,744.00 plus a potential bonus. The evidence showed that in past years, the bonus had been as large as $53,000. Therefore, even though the final judgment's findings of fact as to the husband's income were incomplete, it is evident that there is a significant disparity in income levels to support a finding that the wife was in need of attorney's fees. This case is distinguishable from Deckard v. Deckard, 590 So.2d 35 (Fla. 4th DCA 1991), where there the husband was close to insolvent while the wife was capable of paying her attorney's fees out of future earnings. Id. at 36. This case is also distinguishable from Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), where, after the equitable distribution, the husband *873 was in no better financial position than the wife to pay fees. Here, by contrast, after distribution of marital assets, the husband is left with an income over three times the amount of the wife's.
The trial court did not abuse its discretion in determining the issue of entitlement in favor of the wife.
Based upon the foregoing, we reverse the final judgment of dissolution of marriage and remand to the trial court for further proceedings consistent with this opinion.
GROSS and MAY, JJ., concur.
NOTES
[1] The wife voluntarily dismissed her appeal of the trial court's ruling denying her exclusive use of the marital residence until the youngest child's emancipation.
[2] This court has jurisdiction to review the issue of entitlement to fees where the amount was later determined. Easley, McCaleb & Stallings v. Gibbons, 667 So.2d 988 (Fla. 4th DCA 1996).