871 So.2d 258 (2004)
Douglas B. MANOLAKOS, Appellant,
v.
Amy S. MANOLAKOS, Gold Coast Chiropractic Center, P.A. and Orange Blossom Chiropractic Center, P.A., Appellees.
No. 4D02-2071.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Stuart R. Manoff of Manoff & Schutz, P.A., West Palm Beach, for appellant.
Martin H. Colin of the Law Offices of Martin H. Colin, Lake Worth, for appellee Amy S. Manolakos.

ON MOTION FOR CLARIFICATION
GUNTHER, J.
We withdraw our opinion filed on December 31, 2003 and substitute the following opinion. Doug Manolakos ("Former *259 Husband") timely appeals the Final Judgment of Dissolution of Marriage and the trial court's Order Denying his Motion for Rehearing. Because the judgment lacks the necessary findings, we reverse and remand.
The Former Husband and Amy Manolakos ("Former Wife"), who are both chiropractors, were married in 1991. A short while later, the couple started Gold Coast Chiropractic Center, in which they were equal partners. The couple also took a fifty percent interest in Orange Blossom Chiropractic Center.
In 2001, the Former Wife instituted a dissolution of marriage action. The Former Wife sought permanent alimony, arguing that during the marriage the parties agreed she should stay at home with their two children. During the trial, the court suggested that the Former Wife and the Former Husband remain co-owners of the chiropractic businesses and work together after three years. However, both the Former Wife and the Former Husband rejected this suggestion.
The court orally announced its ruling and asked the parties to agree on the form of the final judgment. However, the parties could not agree. Thus, the Former Husband moved for entry of a final judgment. After a hearing on this motion, the trial court entered its Final Judgment of Dissolution of Marriage. After the final judgment was issued, the Former Husband filed a Motion for Rehearing which was denied. The Former Husband now appeals.
Under section 61.075(1), Florida Statutes (2002), assets should be distributed equally "unless there is a justification for an unequal distribution of marital assets and liabilities based on all relevant factors." The statute then lists a number of relevant factors. § 61.075(1)(a)-(j). "[A]ny distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment ... with reference to the factors enumerated in subsection (1)." § 61.075(3).
In the final judgment, although the trial court states that "[t]he court makes an equal distribution of marital assets and liabilities, specifically finding that there is no reason for an unequal distribution based upon the factors set forth in ... [the statute]," upon an examination of the record, there was in fact an unequal distribution of assets. The Former Wife could elect not to pay the balancing payment and would then receive $29,307.25 more in assets than the Former Husband.
Furthermore, the trial court failed to make the appropriate factual findings to justify an alimony award. Section 61.08(1), Florida Statutes (2002), states that "[i]n all dissolution actions the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony." It is well established that a trial court errs when it awards alimony without making findings of fact according to these statutory factors. See Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003); Allison v. Allison, 692 So.2d 1013, 1013 (Fla. 4th DCA 1997); Vitalis v. Vitalis, 799 So.2d 1127, 1131 (Fla. 5th DCA 2001) (citations omitted).
In addition to ordering the Former Husband to pay alimony, the trial court also ordered him to pay $2,971 per month in child support. The trial court's child support award, like the equitable distribution of the parties' property and the alimony award, lacked sufficient factual findings as required under section 61.30, Florida Statutes (2002). While a child support determination is within the discretion of the trial court, section 61.30 "provides the statutory formula which must be used to *260 determine each parent's actual dollar share." Ondrejack, 839 So.2d at 871 (citing Stanton v. Stanton, 648 So.2d 1233, 1234 (Fla. 4th DCA 1995) (emphasis in original)). This court has previously stated that "in the absence of explicit factual findings concerning the actual incomes attributable to the Husband and the Wife, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income, the trial court's final judgment was deficient." Segall v. Segall, 708 So.2d 983, 988 (Fla. 4th DCA 1998) (citations omitted). Here, the final judgment lacked these findings, and thus, the final judgment is deficient.
In the final judgment, the trial court also ordered that the Former Husband and the Former Wife remain equal owners in the chiropractic businesses. According to the judgment, the Former Husband would manage and operate these businesses for three years. During this time, he would be entitled to all the profits from the businesses. After three years, the Former Wife was to return to working with the Former Husband and when she returned, she was to begin receiving fifty percent of the net revenues. Dissolution of marriage being what it is, it is clearly an abuse of discretion for the trial court to order two parties who have stated they do not want to continue to work together after their divorce to do just that.
As the trial court abused its discretion in ordering the parties to continue to work together and in failing to make the required findings regarding the equitable distribution of the parties' property, the alimony award, and the child support award, this court cannot properly review this case. Accordingly, except for that portion of the order dissolving the marriage, we reverse and remand for the trial court to reconsider this case in its entirety and make the appropriate findings. See Carr v. Carr, 569 So.2d 903, 904 (Fla. 4th DCA 1990) (when reversing and remanding the trial court's erroneous equitable distribution of the parties' property, the court stated that on remand the trial court could also reconsider the other issues in that case, such as alimony, as they were all interrelated).
REVERSED and REMANDED.
FARMER, C.J., and KRATHEN, DAVID H., Associate Judge, concur.