MONACO, J.
Yvondia Herring asserts the commission of a variety of errors by the trial court in this appeal from a final judgment of dissolution of marriage. We detect only one matter that requires correction.
Because there are no findings of fact contained in the judgment related to child support, as required by section 61.30, Florida Statutes (2003), we conclude that we must reverse on this point. If a trial court does not articulate findings regarding the actual income of the parties or any adjustments to income, a reviewing court cannot ascertain whether a child support award is within the guidelines. See Manolakos v. Manolakos, 871 So.2d 258, 2004 WL 384151 (Fla. 4th DCA Feb.11, 2004); Levi v. Levi 780 So.2d 261 (Fla. 3d DCA 2001). Here, there are no findings concerning the amount of income of either party, nor are we provided with any information concerning the manner in which the award of child support was computed. We are, thus, unable to examine meaningfully the matter of imputed income and the total amount of child support awarded. Accordingly, we affirm the final judgment in all respects except for the award of child support, and remand to the trial court for specific findings to support the imputed income amount and the total amount of child support.
AFFIRMED in part,' REVERSED in part, REMANDED.
SHARP, W., and TORPY, JJ., concur.