913 So.2d 1201 (2005)
Glenn MATTHEWS, Appellant,
v.
Dione MONTGOMERY-MATTHEWS, Appellee.
No. 4D04-3111.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
*1202 Mark H. Goldberg of Mark H. Goldberg, P.A., Davie, for appellant.
No brief filed for appellee.
MILLER, KAREN M., Associate Judge.
Glenn Matthews, father/appellant, appeals the final judgment for dissolution of marriage awarding child support payments to the mother/appellee. This court has appellate jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
In this case, the final judgment for dissolution of marriage, inter alia, designated the wife as the primary residential parent of the minor child, dictated the parameters of visitation, denied alimony to both parties, ordered both parties to pay their own costs, awarded the wife $400.00 a month in child support, and retained jurisdiction over the case.
Child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. See Stanton v. Stanton, 648 So.2d 1233 (Fla. 4th DCA 1995) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)); Armstrong v. Armstrong, 623 So.2d 1216, 1217 (Fla. 4th DCA 1993). While determination of child support is within the discretion of the trial court, section 61.30, Florida Statutes, provides the statutory formula which must be used to determine each parent's actual dollar share.
As this court has previously stated, "in the absence of explicit factual findings concerning the actual incomes attributable to the Husband and the Wife, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income, the trial court's final judgment was deficient." Manolakos v. Manolakos, 871 So.2d 258, 260 (Fla. 4th DCA 2004) (citing Segall v. Segall, 708 So.2d 983, 988 (Fla. 4th DCA 1998)). In this instance, the court made no specific findings of fact to support its award of child support; as such, the final judgment is deficient.
Based upon the foregoing, we reverse the final judgment of dissolution and remand to the trial court for further proceedings consistent with this opinion.
FARMER and KLEIN, JJ., concur.