KAPLAN, MICHAEL G., Associate Judge.
 

 The Appellant, Michael Grant Cooper, timely appeals a final order of dissolution of marriage, which established his child support obligation for two minor children and further awarded the former wife a portion of her attorney’s fees. Because we find that the trial court abused its discretion in its calculation of child support, we reverse as to that portion of the final order and remand for recalculation. The trial court was within its discretion in ordering that the former husband pay a portion of the former wife’s attorney’s fees such that that portion of the final judgment is affirmed.
 

 The parties have two minor children, Dakodah, age ten, and Hayden, age two. The former wife filed her Petition for Dissolution of Marriage on July 25, 2007. Thereafter, the parties entered into a partial marital settlement agreement which was intended by the parties to be introduced into evidence in the marital dissolution trial and incorporated in the final
 
 *423
 
 judgment. The agreement notes that the parties had not agreed on child support, but states that the parties would continue to handle payment of the daycare as they had in the past with the former wife being responsible for Dakodah’s after school care and the former husband being responsible for Hayden’s daycare. The former wife testified that the former husband is paying the daycare for the younger child of $115.00 or $117.00 each week and that she pays the older child’s after care. She also pays $300.00 per month for health insurance for the children.
 

 At trial, conflicting evidence was presented as to whether the former husband was a 10% owner of PC & S Tile or whether his mother was the 100% owner. The former husband’s mother testified that her son owned 10% of the business, but that the company’s profit was never distributed to herself or her son.
 

 In the final judgment of dissolution of marriage, the trial court found that the former wife paid $173.00 per month in health insurance costs for the children. The court also found that the former husband’s W-2 income should be increased by $36,000.00 in income, based on “his ownership interest in the business and the various benefits and perks that the business has paid on the husband’s behalf.” The trial court awarded child support pursuant to the child support guideline worksheet, based upon the parties’ incomes and without giving credit to either parent for daycare expenses incurred by them or health insurance payments made by the former wife.
 

 A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test.
 
 Ondrejack v. Ondrejack,
 
 839 So.2d 867 (Fla. 4th DCA 2003). Section 61.30, Florida Statutes, sets forth the child support guidelines and provides that child care costs incurred due to employment, job search or education shall be reduced by 25% and then added to the basic obligation. It is undisputed by the parties that the trial court did not follow the statute, to the detriment of the former husband. The former wife argues that by agreeing to pay the younger child’s daycare in the party’s settlement agreement, the former husband somehow waived his right to this credit. However, the agreement cannot reasonably be read to provide for a waiver of the child care payment credit.
 

 The former wife further argues that the trial court erred in its calculation of the children’s health insurance costs which she was paying. While this issue was not raised in a cross appeal by the former wife, it is clear from the evidence that the correct credit for the former wife’s payment of health care insurance premiums for the minor children was not made. Therefore, upon recalculation of child support by the trial court, this error should also be corrected.
 

 In determining the former husband’s income for purposes of calculating child support, the trial court assigned 10% of the corporate profits as additional income, even though the former husband’s mother’s testimony was uncontradicted that the corporate profits were retained. Undistributed income that has been retained by a corporation for corporate purposes does not constitute income within the meaning of Chapter 61.
 
 Zold v. Zold,
 
 911 So.2d 1222, (Fla.2005). It was therefore reversible error for the trial court to include $7,509.00 in annual corporate profit as additional income attributable to the former husband.
 

 The trial court ordered the former husband to pay two-thirds of the former wife’s attorney’s fees, costs and expert witness fees. The purpose of awarding attorney’s fees under section 61.16 is to
 
 *424
 
 ensure that both parties will have a similar ability to obtain competent legal counsel.
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla. 4th DCA 1997). In this case, the former husband still makes more than two times that earned by the former wife, even if one reduces the former husband’s income figure by the $7,519.00 attributed to him as his share of the corporate profit. In light of the parties’ respective financial circumstances, the trial court did not abuse its discretion in entering an award of attorney’s fees in favor of the former wife.
 

 The child support award is reversed and this matter is remanded to the trial court for recalculation of the former husband’s income, excluding the undistributed corporate profit and correct application of the daycare and health insurance expenses as set forth above.
 

 Affirmed in part, Reversed in part and Remanded.
 

 WARNER and POLEN, JJ., concur.