DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN WAYNE KELLEY,**
Appellant,

v.

**BERNICE MARIE KELLEY,**
Appellee.

No. 4D14-756

[September 30, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy P. McCarthy, Judge; L.T. Case No. 502013DR003238XXXXSBFZ.

Troy William Klein, West Palm Beach, for appellant.

Bernice Marie Kelley, Lantana, pro se.

DAMOORGIAN, J.

Kevin W. Kelley ("Former Husband") appeals the trial court's Final Judgment of Dissolution of Marriage. Former Husband argues that the trial court reversibly erred in: (1) denying Former Husband the opportunity to make a closing argument; (2) awarding Appellee ("Former Wife") a greater share of the marital assets; (3) failing to make the requisite factual findings in support of the alimony award to Former Wife; and (4) failing to base the child support amount on the parties' net income. We affirm on issues 1 and 4 without further comment, but reverse and remand on issues 2 and 3.

Following the trial, the court entered its Final Judgment of Dissolution of Marriage. The Final Judgment set forth the following facts and conclusions. "The Husband, 46, is in good health and is the sole owner of Mr. Fix-it of South Florida, a handyman/renovation and property management business for approximately fifteen (15 years). . . . The Wife is 46 and capable of working." The parties' marital assets were valued at $94,382. Former Husband's gross monthly income was $7,239. Former Wife's gross monthly income was $1,194 and her monthly needs were in excess of $5,000. Former Wife was awarded $1,500 a month in durational

alimony for twelve years or until Wife dies or remarries, whichever comes first. With respect to the alimony award, the Final Judgment provided that the "Court has considered all of the following in awarding alimony request (sic), per FS61.08," but did not list any factors or additional findings.

**Issue 2.**

Former Husband argues that despite the trial court's intention to split the marital assets equally, the distribution provided for in the Final Judgment did not do so.

In distributing marital assets and liabilities, "the court must begin with the premise that the distribution should be equal." § 61.075(1), Fla. Stat. (2014). The court, however, may order an unequal distribution of the parties' assets and liabilities based on factors enumerated in section 61.075(1)(a)–(j), Florida Statutes. "If the court makes such an unequal distribution, it must be based on a rationale which is supported by the record." *Wildtraut v. Wildtraut*, 787 So. 2d 182, 183 (Fla. 2d DCA 2001).

The Final Judgment reflects that the court intended to split the parties' assets equally. The assets were split as follows: $59,543 to Former Husband and $32,143 to Former Wife. This resulted in $24,614 difference between the two. In an effort to equalize the parties' respective shares, Former Husband was required to pay Former Wife a balancing payment of $24,614 out of his IRA (which was part of his award). Former Husband correctly points out that the "balancing payment" creates an unequal distribution. After reducing Husband's award by the $24,614 balancing payment, Husband would have $32,143 in remaining assets, while Former Wife would have $59,543 in assets ($32,143 plus $24,614). In essence, the court's balancing payment created an unequal distribution in favor of Former Wife.

Recognizing the difference between the awards, the correct balancing payment is half the amount awarded, or $12,307. Accordingly, we reverse the court's equitable distribution award and remand for correction.

**Issue 3.**

Former Husband argues that the durational alimony must be reversed because in making its alimony award, the court failed to make findings for each of the required statutory factors.

"An award of alimony will usually not be reversed on appeal absent an abuse of discretion." *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla.

2

4th DCA 2003). "However, '[w]here a trial judge fails to apply the correct legal rule . . . the action is erroneous as a matter of law.'" *Id.* (quoting *Kennedy v. Kennedy,* 622 So. 2d 1033, 1034 (Fla. 5th DCA 1993)). Section 61.08(1), Florida Statutes (2014), which governs alimony awards, provides: "In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony." The factors which must be considered include, but are not limited to:

(a) The standard of living established during the marriage.

(b) The duration of the marriage.

(c) The age and the physical and emotional condition of each party.

(d) The financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each.

(e) The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.

(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.

(g) The responsibilities each party will have with regard to any minor children they have in common.

(h) The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment.

(i) All sources of income available to either party, including income available to either party through investments of any asset held by that party.

(j) Any other factor necessary to do equity and justice between the parties.

§ 61.08(2)(a)-(j), Fla. Stat.(2014). The trial court's failure to make findings of fact relative to all the statutory factors for an alimony award is reversible error. *See Ondrejack,* 839 So. 2d at 870–71.

Although the Final Judgment stated that the court considered all of the statutory factors, it failed to identify or make findings of fact relative to the following statutory factors: (1) the standard of living established during the marriage; (2) the contributions of each party to the marriage; (3) the tax treatment and consequences of the alimony award; and (4) all sources of income available to either party. Without these findings, this Court cannot make a proper determination as to the appropriateness of durational alimony. *See Ondrejack*, 839 So. 2d at 871 (trial court's failure to make findings as to the standard of living during the marriage prevented appellate court from reviewing appropriateness of alimony award).

Accordingly, we reverse and remand with instructions to: (1) correct the balancing payment in order to implement the equal distribution of the parties' assets; and (2) further consider the previously omitted statutory factors relative to the durational alimony award and make the appropriate findings based on the record evidence.

*Affirmed in part, reversed in part and remanded.*

GERBER and CONNER, JJ., concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***

4