IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RANDY HOLAWAY,

      Appellant,

v.                                                                    Case No.  5D15-54

AIMEE O'TOOLE HOLAWAY,

      Appellee.

_____/

Opinion filed July 8, 2016

Appeal from the Circuit Court
for Lake County,
Mark J. Hill, Judge.

John N. Bogdanoff, Shannon McLin
Carlyle and Earle W. Peterson, Jr., of the
Carlyle Appellate Law Firm, The Villages,
for Appellant.

Barry P. Burnette and Matthew Capstraw,
of Barry P. Burnette, P.A., Tavares, for
Appellee.


PER CURIAM.

      Randy Holaway ("Husband") appeals the trial court's final judgment of dissolution

of marriage.  Husband married Aimee O'Toole Holaway ("Wife") on August 5, 2000, and

the parties had two children during the marriage.  Wife filed the petition for dissolution of

marriage on August 23, 2010.  Husband had ownership interests in three corporations,

each of which operated various restaurants in Florida. On appeal, Husband raises several points of alleged error by the trial court. We affirm on all issues except for those related to child support, equitable distribution, property valuation dates, and the award of post-valuation profits from Husband's business interests.

Husband argues that the trial court erred in its calculation of child support owed to Wife. When a trial court fails to explain the calculations it used to arrive at the parties' imputed incomes in determining an award of child support, this court has remanded to the trial court for clarification. Herring v. Ashby, 869 So. 2d 630, 631 (Fla. 5th DCA 2004); see also Todd v. Guillaume-Todd, 972 So. 2d 1003, 1007 (Fla. 4th DCA 2008). In the instant case, the trial court imputed income to Husband without explaining its calculations.

On the issue of the equitable distribution, Wife's expert testified that distributions Husband had received from his businesses were simply Husband's share of the businesses' profits. Husband testified that the distributions were loans he had taken for the purpose of paying both parties' litigation costs. The trial court accepted Wife's expert's testimony but did not include the money Husband spent on litigation as a liability in its equitable distribution calculation. A trial court abuses its discretion when it omits marital liabilities from the equitable distribution. Christ v. Christ, 854 So. 2d 244, 246 (Fla. 1st DCA 2003).

The trial court specified in the judgment that the proper date of valuation for the parties' property was the date of the filing of the petition for dissolution, which was August 23, 2010. However, the trial court subsequently used December 31, 2010, as its valuation date for the parties' business interests. If the filing date was the proper valuation date,

as expressed by the trial court in the judgment under review, it was error to utilize the subsequent date in calculating equitable distribution.

As to the award of post-valuation profits, the trial court specifically found that the income generated after valuation was passive.  Therefore, it was error to award post-valuation profits to Wife.  <u>Sizemore v. Sizemore</u>, 767 So. 2d 545, 547 (Fla. 5th DCA 2000).

We reverse the trial court's final judgment of dissolution as it pertains to the calculation of child support, equitable distribution, and award of post-valuation profits. On remand, the trial court should identify which date it chose for valuation of the parties' assets and utilize that date to calculate the equitable distribution. We affirm on all other issues.

AFFIRMED in part, REVERSED in part, and REMANDED.

SAWAYA, COHEN and LAMBERT, JJ., concur.