Ciklin, C.J.
Appellant Ellen Rosaler (“the wife”) appeals the final judgment of dissolution of marriage, raising numerous issues related mainly to equitable distribution and alimony. Appellee Joseph Rosaler (“the husband”) cross-appeals with respect to equitable distribution. We find merit in two issues raised by the wife and reverse and remand on those issues. We otherwise affirm.
During a pre-trial hearing on the wife’s motion for temporary support and attorney’s fees and costs, her attorney suggested the parties sell a yellow diamond: “[The proceeds don’t] have to be equitably divided, but it can be utilized, and then you can make the division at the end of the case.” Thereupon the trial court directed the parties to sell the diamond and use $60,000 of the proceeds to pay the wife’s attorney’s and accountant’s fees. The court stated that it would “defer [on] whether or not it will be [treated as] equitable distribution after I see what’s going on.” The wife’s attorney did not object. The husband’s attorney argued that the wife’s accountant’s fee was unreasonable, as “[t]hey have spent $70,000 on accountant fees, yet they haven’t analyzed anything going back more than a year and a half, and it’s basically just a book about the financial affidavit.” The court indicated that it would determine the reasonableness of all requested fees at “the end” of the case.
In the written temporary support order, the court found that the husband had been voluntarily paying the parties’ household expenses as well as $2,000 a month in temporary alimony. The court required the husband to continue doing so. The court directed the wife to sell the yellow diamond and to use the proceeds to pay $30,000 to her forensic accountant and $30,000 to her attorney. The balance would be divided equally between the parties. The temporary support order further provided that the court “defers until trial on the issue of whether the payment of the *842 foregoing fees will be deemed as equitable distribution or assessed in some other manner.” The order contains no findings on- need and ability to pay and the reasonableness of the fees and costs.
With respect to the diamond, the final judgment ultimately provided as follows:
i. The Parties’ yellow diamond was sold for $142,000 pursuant to a Court order to pay for Wife’s attorney’s fees and costs. Of the proceeds from the sale, Wife’s attorney received $30,000 and Wife’s forensic accountant received $30,000. The Parties split the remainder of the funds, each receiving $41,000. Therefore, $101,000 is attributed to the Wife and $41,000 is attributed to the Husband from the sale of the yellow diamond.
On appeal, the wife argues that it was error for the trial court to treat the $60,000 she used for fees and costs as part of the trial court’s equitable distribution scheme rather than just a stand-alone element of temporary support. She relies on cases holding that, absent misconduct, an asset that has been diminished or depleted during the dissolution proceedings cannot be included in the equitable distribution scheme. See Winder v. Winder, 152 So.3d 836, 838-39 (Fla. 1st DCA 2014); Zvida v. Zvida, 103 So.3d 1052, 1055 (Fla. 4th DCA 2013); Tradler v. Tradler, 100 So.3d 735, 740 (Fla. 2d DCA 2012).
We must find that this case is' different. Here, the parties essentially stipulated that the diamond could be sold and the sale proceeds used for the wife’s attorney’s, fees and costs, and that the trial court would defer on the wife’s motion for temporary fees and costs. When the trial court ultimately “charged” the wife with the proceeds used for her attorney’s fees and costs, it implicitly found that the wife was not entitled to temporary attorney’s fees and costs. It may be that-the use of the sale proceeds by the wife should have beeii treated as temporary support, but there were never any findings regarding the wife’s entitlement to. temporary fees and costs. The wife acknowledges in her reply brief that the trial court did not make the findings necessary to support a temporary attorney’s fees order. See Duncan v. Duncan, 642 So.2d 1167, 1168-69 (Fla. 4th DCA 1994) (recognizing that an award of temporary attorney’s fees and costs is based on an assessment of need and ability to pay as well as the reasonableness of the fees and costs). Accordingly, we reverse and remand for the trial court to either make findings 'justifying its treatment of some or all of the proceeds as equitable distribution rather than temporary support or, if it determines that some or all of the $60,000 should be treated as support, revisit the issue of equitable distribution.
We must also find that the trial court erred in not considering the tax implications of the alimony award. Section 61.08(2)(h), Florida Statutes (2014), requires the court to consider the “tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment.” The final judgment provided that the alimony award was taxable to the wife and deductible by the husband, but it did not make it clear whether the court considered the impact of this provision before determining the appropriate amount to award. For that reason, we reverse and remand for the trial court to make, findings regarding the tax consequences of the alimony award and to revisit the amount of the alimony obligation if necessary. See Kelley v. Kelley, 177 So.3d 292, 294 (Fla. 4th DCA 2015) (reversing for findings on tax treatment and consequences of alimony where a lack of findings made it impossible for the court to determine the appropriateness of the alimony award); Gilliard v. Gilliard, 162 *843 So.3d 1147, 1154 (Fla. 5th DCA 2015) (reversing where trial court failed to make specific findings on all the factors recited in section 61.08(2), including the tax treatment and consequences of awarding alimony).
In sum, we reverse the final judgment with respect to the inclusion in the equitable distribution scheme of $60,000 in funds used by the wife for fees and costs, and for consideration of the tax consequences of the alimony award. On remand, the trial court should make the required findings as to both issues and reconsider the equitable distribution scheme if necessary. The trial court should also reassess the alimony award to the extent any changes to the equitable distribution plan make that necessary.

Affirmed in part, reversed in part, and remanded with instructions.

Devine and Forst, JJ., concur.