DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OMAR E. TUCKER**,
Appellant,

v.

**JACQUELINE TUCKER,**
Appellee.

No. 4D22-1891

[April 19, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman; L.T. Case No. 502020DR006340XXXXMB.

Anya Cintron Stern of Law Firm of Anya Cintron Stern, PA, Coral Gables, for appellant.

Michael S. Dyer of Law Office Michael Samuel Dyer, West Palm Beach, for appellee.

PER CURIAM.

This is an appeal from a final judgment dissolving a 23-year marriage. The case was tried on February 28 and March 1, 2022, but a final judgment of dissolution was not entered until June 15, 2022. On its face, the final judgment is confusing and inconsistent regarding certain financial issues.

We reverse the alimony award for further proceedings. The court failed to make sufficient findings under section 61.08(2)(h), Florida Statutes (2022), concerning the "tax treatment and consequences to both parties of any alimony award." *Rosaler v. Rosaler*, 219 So. 3d 840, 842 (Fla. 4th DCA 2017). On remand, the court shall recalculate the husband's net income and explain how the amount was calculated. The court may take additional testimony. The court appears to have ordered permanent alimony of $9,630.38 per month on the husband's net monthly income of $15,464.10, but made no written finding under section 61.08(9) identifying the "exceptional circumstances" that would justify the award.

*See, e.g.*, *Rabadan v. Rabadan*, 322 So. 3d 660, 662 (Fla. 4th DCA 2021). On remand, the court shall make the necessary written findings.

We reverse one aspect of the equitable distribution determination. While the final judgment directed the parties to share the proceeds of the sale of the marital home, the equitable distribution chart included in the judgment assigns the net proceeds of the sale entirely to the wife. The trial court should correct or clarify such a discrepancy.

We affirm all other aspects of the final judgment, including (1) the court's findings on the wife's health issues, her ability to earn income, and her financial needs, (2) the distribution and valuation date of the husband's 401(k) account, and (3) the distribution of the former husband's Chase savings account.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

GROSS, CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**