472 So.2d 521 (1985)
Peter SHEIMAN, Appellant,
v.
Fanny SHEIMAN, Appellee.
Nos. 84-2216, 85-243.
District Court of Appeal of Florida, Fourth District.
June 19, 1985.
Rehearing Denied August 1, 1985.
John Beranek of Klein & Beranek, and Donald J. Sasser of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for appellant.
Joseph J. Reiter of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellee.
PER CURIAM.
The husband in this case appeals from a final judgment of dissolution and a post-judgment order of contempt.
With regard to the final judgment, the husband contends the trial court erred in 1) awarding an excessive amount of alimony and child support, 2) distributing the assets of the parties, 3) awarding the wife attorney's fees, and 4) holding the husband in contempt. We agree the award of alimony and child support is excessive, but disagree with the husband's other appellate points.
This case has all the characteristics of a routine divorce case, the most prominent of which is that the parties have lived well beyond their means during their twelve year marriage. That, of course, clouds the financial picture and makes unreliable many of the usual benchmarks for resolution of the issues. For example, the parties' standard of living as a factor determining needs and ability loses its punch when the standard was far too high for the circumstances of the parties. Thus, try as he might, the trial judge has had a difficult time in fashioning a dissolution plan that works. Without mentioning the pretrial hearings (and appeals) we are advised at oral argument that there have been seventeen post-judgment hearings in the cause and the final judgment is not yet a year old. It is, therefore, with some misgiving that we reverse the judgment for further proceedings.
Without becoming preachy about it, perhaps the best solution for these parties *522 would be a serious objective effort on their parts to resolve their differences by mutual agreement, recognizing that at least for the time being their living standard must be reduced. In that vein, voluntary mediation with a thoroughly trained expert in this area might be of substantial benefit, not only for the parties, but also for the children whose welfare is tied to the relationship between their parents. Regardless of the fact that these parties are no longer husband and wife, their ongoing mutual obligations suggest that the adversarial salvos resulting in seventeen post-judgment orders be replaced by constructive communication so that the parties can jointly control their future rather than having strangers determine it for them.
In any event, turning to the specifics, we reverse the award of alimony and child support because, upon review of the record, it is too high and we remand the cause with the sympathetic request that the trial judge reevaluate those awards in the light of this record and such further evidence as he determines is necessary. In that regard we note that the briefs and oral argument presented here contain little agreement on the ability of the husband to pay. However, we are satisfied that he cannot presently pay the awards set forth in the final judgment.
With regard to the order finding the husband in contempt, while we do not believe that he is able to pay the amount awarded, the record does support a finding of contempt because he has not made any good faith effort to meet his obligation of support. Therefore, we affirm the finding of contempt, but suggest the trial judge reconsider the requirements for the husband to purge himself by retailoring the amounts to be paid on the arrearage in accordance with his further determination of the facts upon remand.
Accordingly, the final judgment is affirmed in all respects except for the amounts awarded for child support and alimony and the amounts required for appellant to purge himself of contempt. The cause is remanded for further proceedings to determine appropriate amounts of child support and alimony and the payments necessary for the husband to purge himself of contempt.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
DOWNEY, LETTS and GLICKSTEIN, JJ., concur.