PETERSON, J.
Pamela D. Mobley appeals the final judgment dissolving her marriage. Although she raises several points on appeal, we find merit only in her allegation that all of the marital assets were not listed in the final judgment and that they were not equitably distributed.
We remind the parties that it is their obligation to present evidence of the existence and value of marital assets and the existence and balances due of marital debts in order for the court to include them in the final judgment. See Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992).
In this ease, the parties were embroiled in a custody battle that dominated the trial and presentation of the details of marital assets was slim, except for the marital residence which was adequately described and awarded in the final judgment. The record does reflect, however, that two marital assets existed at the time the petition for dissolution was filed and that the former husband liquidated them shortly thereafter, without giving any detail as to the disposition of the proceeds, except that the former wife did not receive any portion of them. The assets, a deferred compensation plan valued at $7,744 and Texaco stock valued at $1,074, should have been listed as marital assets and awarded in some equitable manner to the parties or an expla *698 nation made of their omission. § 61.075(3), Fla. Stat. (1997).
We affirm the final judgment with the exception of the omission of these two marital assets and remand to the trial court to either award one half ($4,409) of the value of these two assets to the former wife or supplement the judgment with findings, reasons, and awards for some other manner of disposition.
AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
COBB and HARRIS, JJ., concur.