763 So.2d 493 (2000)
Bruce A. BAKER, Appellant,
v.
Patricia W. BAKER, Appellee.
Nos. 4D99-1013, 4D99-2403.
District Court of Appeal of Florida, Fourth District.
July 12, 2000.
*494 Robert J. Merlin of Merlin & Hertz, P.A., Coral Gables, for appellant.
Donald G. Criscuolo of Genet, Criscuolo & Milgrim, P.A., North Palm Beach, for appellee.
WARNER, C.J.
The husband raises several challenges in this appeal from a final judgment of dissolution of marriage. He claims that the court failed to equally divide the marital assets by not considering the tax effect of the distribution of those assets; erred in awarding permanent alimony and the determination of child support; erred in requiring the husband to secure his alimony and child support obligations to the wife; and erred in its award of attorney's fees to the wife. We affirm as to all issues except the requirement of insurance to secure the husband's obligations.
This was an eighteen year marriage, and at the time of the divorce the parties were in their early forties. Two minor children were born during the marriage. Throughout the marriage the husband was the main financial provider, and the wife worked part-time as a nurse while taking care of the children and the household. The husband's gross income exceeded $88,000, and the wife grossed approximately $24,000 per year. Although the husband testified that he had asked the wife to return to full-time work after the youngest child was born, the wife testified that her husband never complained about her reduced work schedule to take care of the children. Based upon the foregoing, the trial court awarded permanent alimony and child support to the wife, and we conclude that the trial court did not abuse its discretion in making those awards. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980).
We do, however, conclude that the court erred in requiring the husband to maintain life insurance to secure payment of child support and alimony. In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing support *495 obligations. See Moorehead v. Moorehead, 745 So.2d 549, 552 (Fla. 4th DCA 1999). No special circumstances are present in this case. The husband is in good health, and the wife would not be left in dire economic straits upon the untimely death of the husband. See Richardson v. Richardson, 722 So.2d 280, 281 (Fla. 5th DCA 1998); Sasnett v. Sasnett, 679 So.2d 1265, 1268-69 (Fla. 2d DCA 1996).
The husband complains that the trial court did not divide the marital assets equally because it failed to consider the greater tax consequences to him in the court's distribution plan. However, at trial there was no evidence regarding the potential tax effects of the court's distribution scheme. In order for the trial court to consider tax ramifications, the court must be made aware of them. Here, neither evidence nor argument alerted the court to any consequences. Therefore, no error occurred. See Hollinger v. Hollinger, 684 So.2d 286, 288 (Fla. 3d DCA 1996); Vaccaro v. Vaccaro, 677 So.2d 918, 922 (Fla. 5th DCA 1996); Goodwin v. Goodwin, 640 So.2d 173, 175 (Fla. 1st DCA 1994).
Finally, we affirm the award of attorney's fees as not an abuse of the broad discretion vested in the court. See Canakaris, 382 So.2d at 1202-03. While the parties' incomes are in parity after the addition of alimony and support, the wife still has to support herself and both children on that income, while the husband supports only himself.
Affirmed in part; reversed in part and remanded.
STONE, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.