789 So.2d 499 (2001)
Shelley Surber DOYLE, Appellant,
v.
Louis Francis DOYLE, Appellee.
No. 5D00-2406.
District Court of Appeal of Florida, Fifth District.
July 13, 2001.
*501 Catherine G. Swain of Catherine G. Swain, P.A., Daytona Beach, for Appellant.
James R. Clayton of Clayton & Teal, P.A., Deland, for Appellee.
PALMER, J.
Shelly Doyle (wife) appeals the final order entered by the trial court in this dissolution of marriage proceeding. We affirm in part, reverse in part, and remand for further proceedings.
Neither the wife nor Louis Doyle (husband) challenges the trial court's rulings related to the dissolution of their marriage, child custody, visitation, or child support; therefore, the rulings thereon are affirmed. However, the wife contends that the trial court made mathematical errors which require remand for reconsideration of the issues of alimony and equitable distribution. We agree.
In making financial awards in dissolution proceedings, the trial court possesses broad discretionary authority to do equity between the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). This court, in reviewing a dissolution judgment, must examine the judgment as a whole in determining whether the trial court abused its discretion; piecemeal review is prohibited. Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991). However, notwithstanding the trial court's wide discretion in dissolution matters, this court must correct mathematical errors made by the trial court. Noone v. Noone, 727 So.2d 972, 974 (Fla. 5th DCA 1998).
The wife first contends that the trial court erred by mischaracterizing her $9,663.15 in pre-dissolution attorney's fees as marital debts, distributing all of the marital debt except the mortgage on the marital home to the husband as part of its equitable distribution scheme, and then ordering the wife to pay all of her own attorney's fees. She contends that, by ordering her to pay her own attorney's fees, *502 the trial court reduced the amount of marital debt which the husband was ordered to assume, thereby skewing the equitable distribution in his favor. The husband responds that his understanding of the trial court's final order is that he is responsible for paying the wife's pre-dissolution attorney's fees, and that the language in the trial court's final order regarding attorney's fees only applies to fees which the wife incurred after the date of dissolution. In light of the husband's concession that he is financially responsible for paying the wife's pre-dissolution attorney's fees, the wife's claim of error is rejected. However, upon remand, the final judgment must be clarified to reflect that the husband is responsible for $9.663.15 in attorney's fees incurred by the wife prior to the date the final dissolution order was entered.
The wife next contends that the trial court improperly overstated the parties' total marital debt by $5,110.00, based upon an error in her financial affidavit which listed one of the husband's nonmarital obligations as being a marital debt. The husband responds by acknowledging the calculation error but arguing that, in the overall distribution plan, "said error is insignificant." In a related claim, the wife argues that, in calculating the parties' net worth, the trial court mistakenly duplicated a $12,072.00 marital debt. She contends that the court utilized the net value of the husband's 401K plan, after the loan against that 401K plan was deducted, in calculating the total value of the parties' assets but then listed the loan as a separate liability, resulting in an improper decrease in the net value of marital assets. The wife further argues that the trial court committed reversible error when, although indicating in its final order that the court intended to award the wife more than fifty percent of the marital estate and then denying her request for alimony "due to inequitable distribution of assets and debts/liabilities of the parties," the court actually awarded the husband more than fifty percent of the marital estate as a result of the calculation errors referenced above. We agree. Given the parties' agreement that the $5,110.00 calculation error occurred, coupled with our determination that the evidence of record demonstrates that the court erroneously duplicated the $12,072.00 marital debt and the husband was awarded more than fifty percent of the marital estate, remand to the trial court is necessary for reconsideration of its entire equitable distribution scheme. On remand, the trial court must reconsider its equitable distribution plan in light of its stated intent of providing the wife with more than fifty percent of the marital property in lieu of an award of alimony. See Kelley v. Kelley, 667 So.2d 215 (Fla. 1st DCA 1995). In addition to reconsidering its equitable distribution plan, the trial court must also revisit whether an alimony award, either lump sum or permanent periodic, is appropriate for the wife.[1]
The wife next argues that the trial court erred in failing to require the husband to contribute to her attorney's fees beyond the $9,663.15 referenced above. Pursuant to section 61.16 of the Florida Statutes (1999), the trial court can award attorney's fees to a party in a dissolution proceeding "after considering the financial resources of both parties." The court is permitted to take into account the *503 earning ability of both spouses, the amount of marital assets and liabilities distributed to each spouse, and the liquidity of the assets distributed. Wilkerson v. Wilkerson, 623 So.2d 1192 (Fla. 5th DCA 1993). Whether to grant an award of attorney's fees is a matter within the trial court's sound discretion; therefore, absent a showing of abuse of that discretion, the decision cannot be reversed. Bloodwell v. Bloodwell, 508 So.2d 771 (Fla. 5th DCA 1987). Here, since the equitable distribution is to be adjusted upon remand, the trial court should at that time also reconsider whether, based upon changes made in the equitable distribution of the parties' property, any change must be made in the parties' responsibility for paying attorney's fees.
The wife next argues that the trial court erred in failing to award her child support and alimony arrearages. We agree. The undisputed record evidence established that an outstanding arrearage existed with regard to the husband's temporary child support and alimony obligations, but that the trial court failed to order the husband to satisfy same. The husband maintains that the trial court's ruling should be affirmed on the theory that the trial court possessed the discretion to eliminate all arrearages which existed as of the date of the final hearing because the husband had filed a motion to modify his temporary support obligation and that motion was still pending at the time of the final hearing. However, the husband's motion to modify was not addressed by either party during the final hearing. Therefore, the trial court erred in failing to direct the husband to satisfy the arrearages which had accrued. As the First District noted in Teta v. Teta, 297 So.2d 642, 645 (Fla. 1st DCA 1974):
In Florida, unpaid child support payments constitute a vested right not subject to modification. Where default occurs in the payment of installments of child support under a decree [which] has become final, the unpaid installments constitute vested property rights, and the court has no power, absent certain compelling circumstances which amount to exceptions, to cancel or retrospectively reduce the decree as regards past due installments.
In Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977), the Third District agreed with this reasoning and extended it to alimony arrearages:
The right of a wife to payment of alimony and child support in arrears is vested and while it is within the discretion of the court to refrain from holding the husband in contempt for non-payment, the wife is entitled to enforcement of the payment by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary.
Id. at 947.
The wife next argues that the trial court erred in failing to award her the enhanced value of the husband's pension plans which accrued during the pendency of its litigation, citing to McHugh v. McHugh, 702 So.2d 639 (Fla. 4th DCA 1997). However that case is not factually similar and thus not legally persuasive. The wife in McHugh was awarded the husband's entire retirement plan and, therefore, the Fourth District ruled that she was entitled to receive the enhancement in value which occurred during the pendency of the litigation. In contrast, the wife here was awarded a specific monetary interest in the husband's pension plans; namely, $89,602.29. We affirm the court's valuation of the pension plans, relying on section 61.075(6) of the Florida Statute (1999) which states:

*504 61.075 Equitable distribution of marital assets and liabilities.
* * *
The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.
The wife's final claim of error is that the trial court erred in failing to consider the income tax consequences resulting from the distribution of the parties' marital assets. Ordinarily the tax consequences of mandatory asset transfers should be considered by the trial court. See Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997). However, this court has previously ruled that a trial court cannot be "faulted for not considering the tax consequences if counsel for the parties neglects to present evidence on the subject." Miller v. Miller, 625 So.2d 1320, 1321 n. 2 (Fla. 5th DCA 1993). Here, the wife never presented the issue of income tax consequences to the trial court and thus no reversible error occurred in the court's failure to consider same.
In closing, we note that the wife has filed a motion seeking an award of appellate attorney's fees. See Fla. R.App.P. 9.400(c). We provisionally grant the motion and remand to the trial court for assessment of the amount of the award based upon the wife's need and the husband's ability to pay. See Gerhardt v. Gerhardt, 738 So.2d 485 (Fla. 4th DCA 1999)(ruling that wife was entitled to fees if on remand she could demonstrate her need and the husband's ability to pay). See also Sierra v. Sierra, 505 So.2d 432 (Fla.1987); Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla.1983).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this opinion.
COBB and PLEUS, JJ., concur.
NOTES
[1] The marriage in this case was a twelve year marriage and, accordingly, falls in the gray area, which means that no presumption either for or against permanent alimony exists, but instead the trial court must utilize its discretion, in light of all the applicable statutory factors, in determining whether an award of alimony is appropriate. See Pollock v. Pollock, 722 So.2d 283 (Fla. 5th DCA 1998).