PER CURIAM.
The Former Husband claims the trial judge erred by entering a Final Judgment of Dissolution of Marriage which was a verbatim copy of the Former Wife’s proposed final judgment. We reverse and remand, finding the trial court reversibly erred by adopting verbatim the Former Wife’s proposed final judgment without giving the Former Husband an opportunity to object. See Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla.2004) (“When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case.”).
*122 The court held a trial in this matter over three separate dates: May 14, 2002, November 22, 2002, and April 14, 2003. On the final day the judge requested both parties to submit proposed final judgments. The final judgment of dissolution entered by the trial court was adopted verbatim from the proposed final judgment submitted by the Former Wife.
Florida courts have disapproved of the practice of adopting a party’s proposed judgment or order verbatim. See id. at 387-99; Ross v. Botha, 867 So.2d 567, 571-73 (Fla. 4th DCA 2004). In this case, there is no indication the trial court independently considered the issues prior to entering the final judgment because the trial judge signed a verbatim version of the Former Wife’s proposed order on the same day it was submitted. Perlow specifically condemned this practice, noting in that case the judge adopted a verbatim version of a proposed order “within two hours of its submission.” Perlow, 875 So.2d at 389.
The same situation arises in this case as the Former Husband had no opportunity to object to the Former Wife’s proposed order prior to its verbatim adoption by the trial court. In fact, the Former Husband received a copy of the court’s signed, final judgment prior to receiving a copy of the Former Wife’s proposed order. This set of facts leads to the conclusion the “trial judge did not exercise his or her independent judgment in the case.” Id. at 390.
Accordingly, except for the portion of the order dissolving the marriage, we reverse and remand for a new trial.
REVERSED and REMANDED.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.