907 So.2d 620 (2005)
Donna Joy NICHOLS, Appellant,
v.
Floyd H. NICHOLS, Appellee.
No. 4D03-4461.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*622 Philip M. Burlington of Philip M. Burlington, P.A., West Palm Beach, for appellant.
J. Burke Culler, Jr. of J. Burke Culler, Jr., P.A., West Palm Beach, for appellee.
PER CURIAM.
The Former Wife appeals a final judgment of dissolution of marriage claiming the trial court erred by failing to: (1) award permanent periodic alimony; (2) apply interest payments to a delayed equitable distribution plan; and (3) require the Former Husband to maintain life insurance to guarantee payment of his obligations. The Former Husband cross-appeals, complaining that the trial court erred in computing the value of his business asset. We affirm in part, reverse in part, and remand with instructions.
This 14-year marriage falls within the "gray area" when considering the award of alimony, thus there "is no presumption in favor of or against an award of permanent alimony." See Nelson v. Nelson, 721 So.2d 388, 388 (Fla. 4th DCA 1998). "Instead the trial court must utilize its discretion, in light of all the applicable statutory factors, in determining whether an award of alimony is appropriate." Doyle v. Doyle, 789 So.2d 499, 502 n. 1 (Fla. 5th DCA 2001). Generally, this court reviews trial court rulings on alimony using the abuse of discretion standard. Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003); Krafchuk v. Krafchuk, 804 So.2d 376 (Fla. 4th DCA 2001).
However, "[i]n determining whether to award permanent periodic alimony, the trial court must consider the needs of the spouse requesting the alimony and the ability of the other spouse to make alimony payments." Segall v. Segall, 708 So.2d 983, 987 (Fla. 4th DCA 1998) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). The trial court is required to consider the statutory factors of section 61.08(2), Florida Statutes, and the failure to consider these enumerated factors, or to make factual findings related to these factors, is reversible error. Segall, 708 So.2d at 987. We have written in the past, specifically in Ondrejack, that an abuse of discretion standard is not appropriate where the trial judge fails to apply the correct legal standard, such as when "the trial court erred by not considering all of the appropriate statutory factors under section 61.08(2), Florida Statutes, as a predicate to awarding periodic rehabilitative alimony rather than permanent alimony." 839 So.2d at 870.
In the instant case, the trial court denied the award of permanent periodic alimony and instead awarded "bridge the gap" alimony, of $3,000 per month, for three years. It appears the trial judge applied a "self-sufficiency" standard, declaring that within three years the Former Wife "should be able to become self sufficient." Presumably, the trial judge's belief that the Former Wife would become self sufficient prevented her from receiving permanent periodic alimony. This is not *623 the standard for making a determination concerning alimony. Section 61.08(2), Florida Statutes, requires the trial court to consider, inter alia, the "standard of living established during the marriage." While "the parties' standard of living during the marriage is not a useful guide in awarding alimony where the parties lived beyond their means," see Cornell v. Smith, 616 So.2d 629, 630 n. 1 (Fla. 4th DCA 1993) (citing Sheiman v. Sheiman, 472 So.2d 521 (Fla. 4th DCA 1985)), in this case, although there was testimony that the parties lived beyond their means, the trial judge did not make a specific factual finding that the parties lived beyond their means. The trial judge did not make any factual finding on the couple's standard of living during the marriage as required by the statute. Without such a factual finding, "it is impossible for this court to assess the reasonableness" of the decision. Segall, 708 So.2d at 987. As such, we reverse and remand for further consideration of this matter.
The Former Wife also appeals the trial court's decision to deny interest payments on the outstanding balance of the equitable distribution. Because the parties requested that the two major marital assets not be liquidated, the award of the business asset to the Former Husband and the marital home to the Former Wife left a $128,705 discrepancy in the Former Husband's favor. To balance the equities, the trial judge required the Former Husband to pay the Former Wife $2,000 per month in equalization payments until the $128,705 was fully paid. The Former Wife asked for interest on the balance because the Former Wife was due the full amount in current dollars but would not be fully paid for over five years.
The issue of whether interest is due on the equalization payments is a matter within the sound discretion of the trial court. See Rey v. Rey, 598 So.2d 141 (Fla. 5th DCA 1992) (en banc) (citing Cotton v. Cotton, 439 So.2d 309 (Fla. 2d DCA 1983), rev. denied, 447 So.2d 886 (Fla. 1984)). As is true in Rey, there are no factual findings related to this issue nor did the parties present evidence or arguments concerning the appropriateness of equalization payments, and thus the parties did not address the tax consequences of interest payments or the equalization payments. Upon remand, the trial court should consider such arguments or evidence in determining whether interest payments are necessary to fulfill the obligation of the Former Husband to the Former Wife. See Rey, 598 So.2d at 146. On the face of the record, the trial court's failure to award interest appears contrary to the spirit of the final judgment in whole. The marital assets were equally split between the parties but without the imposition of interest on the delayed payments, the Former Wife actually will likely receive less than if she were to immediately receive the full amount due.
The Former Wife also seeks the imposition of an insurance obligation to secure payments on both the alimony and the delayed equitable distribution. Reviewing the record, we find no abuse of discretion. See generally Baker v. Baker, 763 So.2d 493 (Fla. 4th DCA 2000); Moorehead v. Moorehead, 745 So.2d 549 (Fla. 4th DCA 1999); Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988) (requiring life insurance to secure an alimony payment "is justified only if there is a demonstrated need to protect the alimony recipient").
Finally, the Former Husband raises one issue on cross-appeal, namely the trial court erred in computing the value of the business asset. This is a challenge to a factual finding and is reviewed for competent, substantial evidence. See O'Neill v. O'Neill, 868 So.2d 3, 4 (Fla. 4th DCA 2004). A review of the record reveals *624 the Former Wife's expert testified as to the value of this asset and provided the trial judge with extensive calculations on the matter. The fact the trial court accepted this value over that offered by the Former Husband is not the type of error that would allow this court to substitute our decision for that of the trial court. See Bimonte v. Martin-Bimonte, 679 So.2d 18, 19-20 (Fla. 4th DCA 1996) ("The trial court's findings of fact come to this court clothed with the presumption of correctness and shall not be disturbed unless there was no competent evidence to sustain them.").
Affirmed in Part, Reversed in Part, and Remanded.
GUNTHER, WARNER and HAZOURI, JJ., concur.