920 So.2d 97 (2006)
Edwin R. MOBLEY, Appellant,
v.
Pamela D. MOBLEY, Appellee.
No. 5D05-697.
District Court of Appeal of Florida, Fifth District.
January 20, 2006.
*98 Edwin R. Mobley, Altamonte Springs, pro se.
*99 Sharon Lee Stedman, Orlando, for Appellee.
PLEUS, C.J.
Edwin Mobley ("former husband") appeals an amended final judgment of dissolution of marriage entered after remand from this Court. He makes seven arguments: (1) the lower court lacked jurisdiction to amend the final judgment because the former wife failed to timely file a motion to amend; (2) the court erred by charging the former husband with a valueless asset that did not exist at the time of dissolution; (3) the lower court erred by not dismissing the former wife's case for failure to prosecute; (4) the lower court erred when it adopted the former wife's proposed order verbatim without giving the former husband an opportunity to provide comments or object; (5) the lower court erred by denying the former husband an opportunity to present evidence regarding the distribution of the disputed assets; (6) the lower court erred by not considering the tax consequences and penalties for early distribution of the disputed assets; (7) the lower court erred by awarding prejudgment interest when the former wife did not request interest. We affirm.
The lower court entered a final judgment of dissolution of marriage in 1997. The former wife appealed. In January 1999, this Court issued its opinion, which stated:
Pamela D. Mobley appeals the final judgment dissolving her marriage. Although she raises several points on appeal, we find merit only in her allegation that all of the marital assets were not listed in the final judgment and that they were not equitably distributed.
We remind the parties that it is their obligation to present evidence of the existence and value of marital assets and the existence and balances due of marital debts in order for the court to include them in the final judgment. See Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992).
In this case, the parties were embroiled in a custody battle that dominated the trial and presentation of the details of marital assets was slim, except for the marital residence which was adequately described and awarded in the final judgment. The record does reflect, however, that two marital assets existed at the time the petition for dissolution was filed and that the former husband liquidated them shortly thereafter, without giving any detail as to the disposition of the proceeds, except that the former wife did not receive any portion of them. The assets, a deferred compensation plan valued at $7,744 and Texaco stock valued at $1,074, should have been listed as marital assets and awarded in some equitable manner to the parties or an explanation made of their omission. § 61.075(3), Fla. Stat. (1997).
We affirm the final judgment with the exception of the omission of these two marital assets and remand to the trial court to either award one half ($4,409) of the value of these two assets to the former wife or supplement the judgment with findings, reasons, and awards for some other manner of disposition.
AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
Mobley v. Mobley, 724 So.2d 697 (Fla. 5th DCA 1999) (emphasis added).
In June 2001, the former wife filed a Motion for Entry of Judgment Consistent With Appellate Opinion in which she asked the lower court to act on this Court's directive. In October 2002, the lower court entered an order directing the former *100 wife to show good cause why the case should not be dismissed for her failure to prosecute her motion for entry of judgment and motion for contempt for over a year. The former wife filed a showing of good cause and after a hearing in March 2003, the court found good cause and refused to dismiss the case.
In July 2004, the lower court entered an order directing the former husband to show good cause why the action should not be dismissed for his failure to prosecute his motion to compel for over a year. On August 17, the former wife filed a notice for trial. On August 18, the lower court found good cause and refused to dismiss the action.
Pursuant to the court's pretrial order, the former husband filed a pretrial statement listing 16 issues to be resolved. Three of those issues pertained to the equitable distribution of the deferred compensation account and the Texaco stock, as ordered by this Court. The former husband also filed a motion to dismiss the former wife's motion for entry of judgment due to her failure to prosecute it.
At the trial on January 14, 2005, the lower court denied the former husband's motion to dismiss. On the motion for entry of judgment, the former wife argued that the this Court's directive to the lower court was to resolve a very narrow, discrete issue involving the equitable distribution of two assets. The former wife argued that it was not necessary or proper to take additional evidence on this issue, nor was it proper to address the other issue raised by the former husband. The former wife submitted a proposed amended final judgment directing the former husband to pay $4,409 plus interest.
The court then asked the former husband for his position. He argued that he should have the opportunity to present evidence. The court denied this request, indicating that based on this Court's directive, it would entertain argument but not evidence. The judge concluded the hearing by stating that she would review the trial transcript and make her ruling.
The court entered an amended final judgment, apparently using the proposed order submitted by the former wife and filling in the blanks for the amount of interest and the number of days for compliance.
On appeal, the former husband argues that the lower court lacked jurisdiction to amend the final judgment after remand from this court because the former wife failed to timely file a motion to amend the final judgment pursuant to Florida Rules of Civil Procedure 1.530 or 1.540. This argument lacks merit. The lower court clearly had jurisdiction to amend the final judgment pursuant to this Court's mandate, which directed the lower court to "either award on half ($4,409) of the value of these two assets to the former wife or supplement the judgment with findings, reasons, and awards for some other manner of disposition."
In fact, it was the lower court's affirmative obligation to carry out this Court's mandate. See, e.g., Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 328 So.2d 825, 826 (Fla.1975) (holding that when a trial court receives a mandate from an appellate court, it should carry it out). An unauthorized delay in carrying out a mandate is treated as a failure to carry out the mandate, which should not be countenanced by the appellate court. Citibank, N.A. v. Plapinger, 469 So.2d 144, 145 (Fla. 3d DCA 1985). Notwithstanding the fact that it took over six years to act, the lower court had jurisdiction to enter and amended final judgment pursuant to this Court's mandate.
*101 The former husband next argues that the lower court erred by charging him with the deferred compensation account and the Texaco stock when these assets had no value at the time of dissolution. He cites several cases standing for the proposition that it is an abuse of discretion to equitably distribute a marital asset that has been depleted during the course of dissolution proceedings absent a finding of misconduct. See, e.g., Karimi v. Karimi, 867 So.2d 471 (Fla. 5th DCA 2004); Konsoulas v. Konsoulas, 904 So.2d 440 (Fla. 4th DCA 2005). Knecht v. Knecht, 629 So.2d 883, 885 (Fla. 3d DCA 1993). The former husband claims that the testimony at trial was "uncontradicted" that "these funds were used by the former husband to pay temporary support obligations, provide for his support, seek employment, pay out of state moving expenses and relocation costs."
This argument misstates the evidence at trial and ignores this Court's opinion. The former husband testified that he used other funds to pay temporary support. For example, the former husband acknowledged that on December 27, 1996, he withdrew $1,000 from the "Federal Government Securities Fund" and, although he did not directly share that money with the former wife, he explained that:
the sharing of that money  I would have used that money at that time to continue paying child support payments. Because at that time, I was not employed so a partial of that money was sent to her in the form of support payments. Because I continued support payments during my period of unemployment.
Similarly, regarding a $500 withdrawal in June 1996, from the same fund, the former husband testified as follows: "Did I personally take the money and give her one-half of it? No. Did I apply it towards bills? Yes."
In contrast, when the former husband testified about the deferred compensation account and the Texaco stock, the following exchange occurred:
Q. Now, Sir, at the time the petition for dissolution was filed in May of 1996, did you have a deferred compensation plan with the Orange Country Comptroller?
A. Yes, I did.
Q. And was the balance $7,744?
A. Yes, it was.
Q. And after the petition for dissolution was filed and you were served, did you close that account?
. . . .
Q. And didn't you receive $8,000:
A. Yes, I did.
Q. In November of 1996?
A. Right.
Q. Did you share that or divide that in any way with Mrs. Mobley?
A. I did not divide it with her, no.
Q. Okay. And did you also at the time of the petition for dissolution being filed and you get served, own some stock in Texaco?
A. Yes.
Q. And in November 1996, did you sell that stock?
A. Yes, I did.
Q. And did you keep all of the money?
A. I did not divide it with her.
Based on this testimony, this Court stated,
The record does reflect, however, that two marital assets existed at the time the petition for dissolution was filed and that the former husband liquidated them shortly thereafter, without giving any detail as to the disposition of the proceeds, *102 except that the former wife did not receive any portion of them. The assets, a deferred compensation plan valued at $7,744 and Texaco stock valued at $1,074, should have been listed as marital assets and awarded in some equitable manner to the parties or an explanation made of their omission. § 61.075(3), Fla. Stat. (1997).
Mobley, 724 So.2d at 697-98.
In short, there was no competent, substantial evidence in the record to suggest that the former husband used proceeds from the deferred compensation account and Texaco stock as he asserts. Instead, the record indicates that he withdrew these funds after the petition was filed and failed to share them with the former wife. Based on that record, this Court ordered the lower court to either award half the value of these assets to the former wife or supplement the judgment with findings supporting some other manner of disposition. The lower court chose to do the former. That decision was supported by the record.
The former husband next argues that the trial court erred by not dismissing the former wife's case for failure to prosecute. This argument lacks merit. It was the lower court's duty to carry out the mandate. Furthermore, the lower court's jurisdiction was limited to carrying out the mandate and nothing more. It had no authority to deviate from the mandate by dismissing the case for failure to prosecute. See Blackhawk Heating & Plumbing Co., 328 So.2d at 826.
The former husband next argues that the lower court erred by adopting the former wife's proposed order verbatim without giving him an opportunity to comment on or object to the proposed order. This argument misstates the facts. The former wife's attorney submitted the proposed order midway through the hearing. After he submitted it, the judge gave the former husband an opportunity to respond. Therefore, the cases cited by the former husband are inapplicable. See Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla.2004) (holding that trial court reversibly erred by adopting proposed order verbatim without giving opposing party opportunity to comment or object); Carlton v. Carlton, 888 So.2d 121 (Fla. 4th DCA 2004) (same).
The former husband never mentioned or objected to the proposed order. Instead, he argued that he should be allowed to present additional evidence about the disputed assets. The judge disagreed, stating she would review the trial transcript and make findings. Based on these facts, the court exercised its judgment within the confines of this Court's mandate. Both the proposed and final order were consistent with that mandate.
The former husband next argues that the lower court erred by denying him an opportunity to present additional evidence regarding the disposition of the deferred compensation account and the Texaco stock. The trial court did not believe it had the authority to take additional evidence. It was correct.
Generally speaking, a lower court's duty to follow an appellate court's mandate is purely ministerial. Bass v. State Farm Life Ins. Co., 649 So.2d 924, 925 (Fla. 3d DCA 1995). When the appellate court remands with general instructions for further proceedings, the lower court has discretion to direct the course of the proceedings on remand. See Veiner v. Veiner, 459 So.2d 381 (Fla. 3d DCA 1984). However, when the appellate court issues specific instructions, as in this case, the lower court must carry out those instructions and not stray. See Blackhawk Heating & Plumbing Co., 328 So.2d at 826.
*103 This Court's instructions were clear. It directed the lower court to "either award one half ($4,409) of the value of these two assets to the former wife or supplement the judgment with findings, reasons, and awards for some other manner of disposition." It did not remand for a new trial or evidentiary hearing on this matter. On the contrary, it reminded the parties that it is their obligation to present sufficient evidence of the existence of value of marital assets so the court can include them in the final judgment. The former wife presented evidence of the existence and value of the deferred compensation account and the Texaco stock. The former husband testified that he converted these assets to cash and did not share the proceeds with the former wife. On remand, he was seeking to present additional evidence that he used these proceeds for proper purposes. This Court did not authorize a second bite at the apple.
The former husband argues that the lower court erred in failing to consider the tax consequences and penalties for early distribution of the deferred compensation account and Texaco stock. He cites Doyle v. Doyle, 789 So.2d 499 (Fla. 5th DCA 2001), for the proposition that trial courts should ordinarily consider the tax consequences in equitably distributing marital assets. However, that case goes on to say that a "trial court cannot be `faulted for not considering the tax consequences if counsel for the parties neglects to present evidence on the subject.'" Id. at 504 (quoting Miller v. Miller, 625 So.2d 1320, 1321 n. 2 (Fla. 5th DCA 1993)). Neither party presented evidence on this issue at trial. Consequently, the former husband cannot be heard to complain about it now.
The former husband argues that the lower court erred by ordering prejudgment interest when the former wife failed to request it in her pleadings. However, prejudgment interest is "merely an element of damage" which "does not need to be specially pleaded." RDR Computer Consulting Corp. v. Eurodirect, Inc., 884 So.2d 1053, 1055 (Fla. 2d DCA 2004). Accordingly, the trial court did not err in awarding interest. For the above-stated reasons, we affirm the amended final judgment.
The former wife moves for attorney's fees pursuant to Chapter 61 and section 57.105, Florida Statutes. The former husband incorrectly argues that the motion was untimely. It was timely filed before service of the reply brief. We provisionally grant the former wife's motion for fees pursuant to section 61.16, Florida Statutes, but remand the matter to the trial court to make a final award based upon the former wife's need, the former husband's ability to pay and other factors discussed in Rosen v. Rosen, 696 So.2d 697 (Fla.1997). See, e.g., Doyle, 789 So.2d at 504.
AMENDED FINAL JUDGMENT AFFIRMED; REMANDED WITH DIRECTIONS.
SAWAYA and PALMER, JJ., concur.