927 So.2d 109 (2006)
Kelda R. Pittman RYAN, Appellant,
v.
Christopher RYAN, Appellee.
No. 4D05-162.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
*110 Isabel Julia-Miles, Boca Raton, for appellant.
Peggy Rowe-Linn, West Palm Beach, for appellee.
*111 MAY, J.
The former wife appeals a final judgment of dissolution and raises multiple issues. We affirm in part and reverse in part.
The former wife first argues the trial court erred in denying her motion for continuance when her attorney withdrew shortly prior to trial. We find no error in the court's decision on this issue. The trial court set the case to be tried sometime between October 14, 2004 and November 30, 2004 with calendar call set for October 13, 2004. On September 20, 2004, the wife terminated her original attorney. That attorney moved to withdraw on October 4, 2004. The former wife's new attorney filed a notice of appearance and a motion to continue trial on October 19, 2004. The trial court denied the motion for continuance.
The trial began on November 8, 2004. The former wife's counsel objected and indicated that her client was disadvantaged because she had only recently been retained and had been able to undertake only minimal discovery.
The trial court began the trial with what it called an "interactive opening statement" in which the court questioned the attorneys and attempted to narrow the issues. The court then encouraged the parties to reach a settlement and gave them time to do so. After two recesses, the former husband read a stipulation regarding child custody and support issues. The parties agreed to shared parental responsibility and stipulated to their respective incomes. The trial court spent the rest of the trial determining the value of various assets.
The former wife argues the trial court improperly denied her motion to continue when she was forced to obtain new counsel just prior to trial. We disagree. "A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court's decision will not be reversed on appeal." Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991).
Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.
Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998) (citation omitted).
Here, on August 27, 2004, the trial court set the non-jury trial for the period of October 14, 2004 to November 30, 2004. The prior attorney had represented her for at least a year. It was the former wife who made the decision to terminate her attorney. The need to find a new lawyer was not caused by the illness, death, or disability of her prior lawyer or of a critical trial witness. See, e.g., Mich. Nat'l Bank v. Ibis Landing Venture, Ltd., 899 So.2d 328 (Fla. 4th DCA 2005) (trial court abused its discretion in denying continuance four days into trial where bank's counsel suffered from severe stress, exhaustion, and insomnia); Citrin v. De Venny, 833 So.2d 871 (Fla. 4th DCA 2003) (court erred in denying motion for continuance occasioned by hospitalization of, and surgery on, plaintiff's mother); Fleming, 710 So.2d 601 (court erred in denying motion for continuance where former wife's first attorney failed to prepare and was subsequently disbarred). These are the circumstances under which trial courts have been found to have abused their discretion; *112 not when the emergency is of the client's creation. In addition, the parties were able to resolve most of the issues concerning this dissolution; i.e., child custody and support and the parties' incomes. We therefore affirm the trial court's denial of the motion for continuance.
The former wife next argues the trial court abused its discretion by awarding her lump sum alimony instead of permanent alimony. The husband responds that the wife failed to present evidence on this issue. "`[T]he nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court.'" Kovalchick v. Kovalchick, 841 So.2d 669, 670 (Fla. 4th DCA 2003) (quoting Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988)). We review alimony awards for an abuse of discretion.
Section 61.08(2), Florida Statutes (2004), requires the trial court to consider any relevant economic factors, including standard of living during the marriage, age, earning ability, value of each party's estate and contribution to the marriage. The trial court must make findings of fact regarding these indicia. § 61.08(1).
When a marriage falls within the "gray area" of length, no presumption in favor of or against an award of alimony exists. Nichols v. Nichols, 907 So.2d 620, 622 (Fla. 4th DCA 2005) (citation omitted). The trial court is given the discretion to fashion alimony based upon the applicable statutory factors. Id. (quoting Doyle v. Doyle, 789 So.2d 499, 502 n. 1 (Fla. 5th DCA 2001)). A trial court's failure to consider these factors requires a reversal. Id.
Here, the trial judge stated:
In addition, I will find that this is a marriage in the gray area. But based upon the traditional roles of the parties, mom stay-at-home, working sporadically and intermittently, sometimes with the husband's business, but doesn't have a salable skill right now, I'm going to make an award of lump-sum alimony in the amount of $30,000. And that is going to be rolled into the 87,500, and so it will extend the  paid off at $2,000 a month.
The court then awarded the former wife "87,500 as lump sum alimony to equalize distribution." Further, it awarded the wife an additional $30,000 as "lump sum alimony or bridge-the-gap alimony."
The trial court failed to take into account all of the requisite statutory factors; i.e., the former wife's age and earning capacity and the couple's standard of living. In doing so, the court abused its discretion in its award of alimony. At least, the trial court failed to make these requisite findings in its final judgment of dissolution. These omissions require a reversal. Nichols, 907 So.2d at 622. We therefore reverse and remand the case to the trial court to make the requisite findings. This does not necessarily require the trial court to alter its conclusion if it can be supported by the evidence after consideration of the requisite factors.
Affirmed in part and Reversed in part.
GROSS, J., and IMPERATO, CYNTHIA G., Associate Judge, concur.