PER CURIAM.
 

 Henry Atkins, Appellant, appeals his judgment and sentence for conspiracy to traffic in cocaine. After this Court issued two orders relinquishing jurisdiction directing the trial court to appoint conflict-free counsel to represent Appellant on his motion to withdraw his plea, the trial court failed to appoint counsel before summarily denying Appellant’s motion. Appellant argues, among other things, that the trial court erred when it failed to comply with this Court’s express orders. The State concedes error on this point. We agree and reverse.
 

 It is well-settled in Florida that when an appellate court issues an order remanding with specific instructions for further proceedings, the lower court must adhere to those express directions and “utterly lacks the power to deviate.”
 
 Mendelson v. Mendelson,
 
 341 So.2d 811, 814 (Fla. 2d DCA 1977);
 
 see also Vega v. McDonough,
 
 956 So.2d 1205, 1206 (Fla. 1st DCA 2007);
 
 Mobley v. Mobley,
 
 920 So.2d 97, 102 (Fla. 5th DCA 2006);
 
 Palma Sola Harbour Condo., Inc. v. Huber,
 
 374 So.2d 1135, 1138 (Fla. 2d DCA 1979). Consequently, we find that the trial court’s failure to appoint conflict-free counsel to represent Appellant on his
 
 motion to
 
 withdraw his plea before summarily denying the motion was in contravention of this Court’s orders and constitutes reversible error.
 

 Accordingly, we reverse and remand with instructions for the trial court to appoint conflict-free counsel to represent Ap
 
 *447
 
 pellant and to reconsider the merits of Appellant’s motion to withdraw his plea.
 

 REVERSED and REMANDED with instructions.
 

 WEBSTER, DAVIS, and LEWIS, JJ., concur.