ERVIN, Judge.
Appellant, former wife Judith A. Bull, appeals an order awarding attorney’s fees to the former husband, appellee Bartley Bull, claiming that the award was erroneous because appellee neither pled nor gave notice prior to the hearing at which fees were awarded that he was seeking attorney’s fees, and because there was no authority for a fee award. We reverse.
In May 1990, the former wife filed a motion seeking to establish child-support arrearages, and a hearing was scheduled for October 2,1990. When the former wife was unable to attend because she was in Germany working as a teacher for the Department of Defense, her attorney filed a notice of voluntary dismissal. At the hearing, which proceeded on the motion for arrearages, appellee’s counsel made an oral motion for attorney’s fees and court costs, over objection, and the court awarded the former husband attorney’s fees of $625.00.
Although the trial court has the authority pursuant to Section 61.16, Florida Statutes (1989), to award fees following the former wife’s voluntary dismissal, Wiggins v. Wiggins, 446 So.2d 1078, 1079 (Fla.1984), it erred in awarding fees when the former husband had neither requested fees in a pleading nor given the former wife notice that fees would be at issue.[1] Johnson v. Johnson, 346 So.2d 591, 593 (Fla. 1st DCA 1977). Accord Meek v. Meek, 486 So.2d 663 (Fla. 5th DCA 1986); Christie v. Casaday, 486 So.2d 622 (Fla. 5th DCA 1986); Bob v. Bob, 312 So.2d 798 (Fla. 3d DCA 1975).
REVERSED.
SMITH and ALLEN, JJ., concur.

. It is not essential for a prevailing party to request attorney’s fees when the party is entitled to such fees by statute, but a request for fees must be specifically pled under section 61.16, which is a discretionary-fee provision. Heath v. PiRoman, 544 So.2d 1059, 1060-61 (Fla. 1st DCA 1989).