PER CURIAM.
Appellant, the former husband, appeals an order awarding appellee, the former wife, $7,500 in attorney’s fees. The former husband makes several arguments on appeal, only one of which warrants reversal. The former husband argues that the trial court erred as a matter of law in making the award because the award was based in part on hours worked by the former wife’s attorney during a period for which no request for attorney’s fees was made. We agree and reverse.
“[A] request for fees must be specifically pled under section 61.16 [1] which is a discretionary-fee provision.” Bull v. Bull, 584 So.2d 171, 171 n. 1 (Fla. 1st DCA 1991). Therefore, it is error for a trial court to award attorney’s fees pursuant to section 61.16(1) where attorney’s fees are not specifically pled. Id.; see also Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991) (“[A] claim for attorney’s fees, whether based on statute or contract, must be pled. The fundamental concern is one of notice.”); Lindberg v. Lindberg, 651 So.2d 1294 (Fla. 2d DCA 1995) (citing Stockman, and reversing an award of attorney’s fees to the former wife where the former wife never requested an award of fees).
The former husband filed several motions with the trial court against the former wife regarding the parties’ minor child between December 2002 and July 2004.[2] All of these motions were ruled on by the trial court. However, the former wife did not request attorney’s fees regarding these motions. On November 16, 2004, the former husband filed a supplemental petition for modification of custody. The former wife responded on December 6, 2004, this time requesting attorney’s fees. Additionally, other various motions were made by the parties between November 16, 2004 and February 1, 2005.[3] The former wife made requests for attorney’s fees regarding each of these motions.
Because the former wife did not request attorney’s fees until her response to the *810 November 16, 2004 supplemental petition for modification of custody, attorney’s fees can only be awarded from November 16, 2004 forward. A review of the record reveals that the former wife’s attorney worked a total of 46.70 hours on her case between December 2002 and the hearing on the motion for attorney’s fees. However, only 29.30 hours of work were performed from November 16, 2004, forward. The court lists 46 hours as the reasonable amount of hours worked by the former wife’s attorney. It appears that the trial court based its attorney’s fees award partially on work done by the former wife’s attorney regarding matters when no attorney’s fees were requested. Therefore, the order is reversed and remanded with directions that the trial court base the amount of its award on reasonable attorney’s fees for work done by the former wife’s counsel from November 16, 2004 forward.
REVERSED and REMANDED with directions.
WEBSTER, BROWNING and POLSTON, JJ., concur.

.Section 61.16(1), Florida Statutes (2004) provides: "The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.”

. These motions included two separate motions for contempt to enforce visitation, and a motion for counseling.

. These motions included the former wife's motion for contempt, based on the former husband’s failure to pay child support, and ■ the former husband’s supplemental petition for modification of child support.