IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

REGINALD J. NOLAN,

      Appellant,

v.

KAREN D. NOLAN,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0694

_____/

Opinion filed April 15, 2016.

An appeal from the Circuit Court for Duval County.
E. McRae Mathis, Judge.

Gary Baker, Callahan, for Appellant.

Barry L. Zisser of Zisser Law, and Corrine A. Bylund of Bylund Law, Jacksonville, for Appellee.

ROBERTS, C.J.

The appellant/former husband seeks review of a final judgment of dissolution of marriage and the subsequent denial of his motion for rehearing and/or reconsideration. The former husband argues that the trial court erred in failing to make the requisite findings to support its alimony award of $3,500 per month to the

former wife, which he argues greatly exceeds the former wife's needs and his ability to pay.[1]  He also challenges the portion of the final judgment ordering him to pay $11,500 of the former wife's attorney's fees at the rate of $450 per month, along with the trial court's equitable distribution of the marital assets and debts, particularly the debt/equity in the marital home and the debt associated with a Capital One credit card.

The former wife concedes error in the trial court's equitable distribution.  With this concession of error, we reverse and remand the final judgment for redistribution of the marital assets and debts in accordance with section 61.075, Florida Statutes (2015).  The reversal and remand of the equitable distribution portion of the final judgment necessitates reversal and remand of the alimony and attorney's fees portions of the final judgment as well.  See Watson v. Watson, 124 So. 3d 340, 343 (Fla. 1st DCA 2013) (finding remand of equitable distribution portion warranted remand of the other financial aspects of the final judgment) (citing Branch v. Branch, 775 So. 2d 406, 408 (Fla. 1st DCA 2000)).

As to the alimony award itself, section 61.08(2), Florida Statutes (2015), directs the trial court to first make a specific factual determination as to whether either party has an actual need for alimony and whether the other party has the ability

---

[1] The former husband also argues that the trial court erred by not imputing income to the former wife in the alimony calculation.  Because we find the former husband failed to meet his burden of proof below, we affirm this issue without comment.

2

to pay.  See Walker v. Walker, 85 So. 3d 553, 554 (Fla. 1st DCA 2012).  If the trial court so determines, it must then consider all of the relevant factors in section 61.08(2)(a)-(j), Florida Statutes (2015).  The parties here were married for 33 years, which is considered a long-term marriage that raises a rebuttal presumption of entitlement to permanent alimony.  See § 61.08(4), Fla. Stat. (2015).

The former husband challenges the trial court's determination of need and ability to pay as well as the amount of the alimony award as excessive.  We agree that the alimony award was not adequately supported by the evidence or the findings in the final judgment.  The evidence below showed that the husband had traditionally worked seven days a week, overtime, and holidays throughout the marriage.  After the parties' separation, the former husband reduced his working hours, resulting in a lower salary.  The former husband testified that some of the 12-hour shifts he had worked in the past were no longer available to him.  He also claimed his doctors advised him that he needed to work less.  The trial court rejected, as not supported by any evidence, the former husband's claim that his reduction in hours was based upon the advice of his doctors.  However, the trial court also specifically found, "[T]he husband should not be required to work seven days a week."  Despite this pronouncement, the trial court contradicted itself by apparently calculating the $3,500 per month alimony award based on the former husband's salary when he was

working seven days a week and overtime.[2]  While section 61.08(2)(i), Florida Statutes (2015), directs the trial court to consider "[a]ll sources of income available to either party," which often includes overtime and bonuses, the trial court here simultaneously recognized that a seven-day work week is not reasonable.  We construe the trial court's finding that the former husband should not be required to work seven days a week as an implicit finding that the amount of overtime pay he previously earned during the marriage was no longer "available" to him as an income source in the future.  The trial court erred in calculating the alimony award based upon the husband's income that was unsustainable and that was also shown, both by the evidence and basic notions of reasonableness, to be no longer available to him.  Cf. Lauro v. Lauro, 757 So. 2d 523, 526 (Fla. 4th DCA 2000) (stating that regular and continuous overtime/bonuses may properly be included in calculating income for child support or alimony, but instructing the trial court on remand to evaluate whether the opportunity to earn overtime would be available as an income source in the future).

In addition, the trial court ordered that the former husband pay for the former wife's COBRA health insurance coverage, but there was no evidence introduced or findings made as to the expected cost of that coverage.  The final judgment is also

---

[2] The final judgment and accompanying attachments are not wholly clear on what salary the trial court used to calculate the alimony award.

4

not clear as to whether the trial court considered the former husband's financial fitness after awarding the former wife $3,500 in permanent periodic alimony plus COBRA health insurance coverage, the marital home, and half of the former husband's retirement funds. On remand, the trial court should make the specific factual findings required by section 61.08, address the discrepancies in the award, and provide a specific factual basis for the amount of alimony awarded.

As to the attorney's fee award, section 61.16, Florida Statutes (2015), allows the trial court to order a party to pay a reasonable amount of attorney's fees after considering the financial resources of both parties. "Where both parties to a dissolution are equally able to pay attorney's fees, the trial court abuses its discretion by requiring one spouse to pay the other's attorney's fees." Galligar v. Galligar, 77 So. 3d 808, 812-13 (Fla. 1st DCA 2011). See also Vitalis v. Vitalis, 799 So. 2d 1127, 1133 (Fla. 5th DCA 2001) ("A trial court abuses its discretion in awarding attorney's fees if the equal distribution of the marital property has been achieved and the trial court equalized incomes through its alimony awards.") (citation omitted).

In the final judgment, the trial court awarded the former wife substantial assets, including $3,500 per month alimony, healthcare coverage, the marital home, and half of the former husband's retirement and pension accounts. Such award placed the former wife in a substantially equal position as the former husband to pay her attorney's fees. In addition, the trial court arbitrarily selected a payment plan of

5

the fees at $450 per month without any factual basis.  See Rogers v. Rogers, 12 So. 3d 288, 292 (Fla. 2d DCA 2009) (stating the trial court must state a factual basis for implementing the specific payment plan selected).  Accordingly, on remand, the trial court should consider the relative financial positions of both parties after equitable distribution and alimony and should tailor any attorney's fee award accordingly.

AFFIRMED in part; REVERSED in part and REMANDED.

MAKAR and OSTERHAUS, JJ., CONCUR.