DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STACY BELLOWS,**
Appellant,

v.

**SEAN BELLOWS,**
Appellee.

No. 4D16-3745

[ May 9, 2018 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward Garrison, Judge; L.T. Case No. 502015DR012331XXXXMB.

Ralph T. White, West Palm Beach, for appellant.

John T. Christiansen, Jr. of the Law Offices of John T. Christiansen, P.L., West Palm Beach, for appellee.

TAYLOR, J.

The wife, Stacy Bellows, appeals an Amended Final Judgment of Dissolution of Marriage. We affirm in part and reverse in part.

First, we reverse the durational alimony award of $1,000 per month for five years because the trial court failed to make findings of fact as to all of the statutory factors under section 61.08(2), Florida Statutes. *See, e.g, Kelley v. Kelley*, 177 So. 3d 292, 294 (Fla. 4th DCA 2015); *Julia v. Julia*, 146 So. 3d 516, 522 (Fla. 4th DCA 2014); *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003). The appropriate remedy is to remand for the trial court to make the required factual findings "as to all of the statutory factors based upon the evidence in the record." *Ondrejack*, 839 So. 2d at 871.

Second, we reverse the trial court's distribution of the valueless Charles Schwab #9592 account to the wife. We have repeatedly held that it is error to include in the equitable distribution scheme assets that have been depleted during the dissolution proceedings unless the trial court makes a specific finding that the dissipation resulted from intentional

misconduct. *See, e.g., Zvida v. Zvida,* 103 So. 3d 1052, 1055 (Fla. 4th DCA 2013); *Weymouth v. Weymouth,* 87 So. 3d 30, 36 (Fla. 4th DCA 2012); *Tillman v. Altunay,* 44 So. 3d 1201, 1203 (Fla. 4th DCA 2010). Where a spouse depletes an asset for attorney's fees or reasonable living expenses and there is no finding of misconduct, the asset should not be assigned to that spouse as part of the equitable distribution plan. *Levy v. Levy,* 900 So. 2d 737, 746 (Fla. 2d DCA 2005).

Here, the trial court erred in distributing the valueless Charles Schwab #9592 account to the wife. As the case law makes clear, depleting an asset to pay attorney's fees in the divorce case is insufficient, without a finding of misconduct, to warrant assigning the depleted asset as part of the equitable distribution plan.[1] In this case, the account at issue had a marital value of $7,145 as of the date of the petition for dissolution, but the wife used this asset on attorney's fees and living expenses during the pendency of the case. There was no evidence or finding of misconduct. Accordingly, we reverse on this issue and direct the trial court to omit this asset from the equitable distribution plan and adjust the distribution accordingly.

We affirm on all other issues raised. Most notably, we conclude that the trial court properly rejected the wife's commingling argument, and therefore affirm the trial court's finding that the entire value of the husband's $1.8 million brokerage account was the husband's nonmarital property.

Finally, we note that although the equitable distribution schedule and parenting plan were attached to the original final judgment, they were not attached to the Amended Final Judgment. Because these exhibits were incorporated by reference in the Amended Final Judgment, our review was not hampered. Nonetheless, the trial court should attach the equitable distribution schedule and parenting plan to any subsequent dissolution judgment entered on remand.

*Affirmed in part, Reversed in part, and Remanded.*

MAY and KUNTZ, JJ., concur.

*     *     *

---

[1] However, if a spouse depletes a marital asset to pay for attorney's fees in the dissolution case, it follows that a trial court may take this factor into account in determining whether the spouse has a need for an award attorney's fees and, if so, the amount of the spouse's need for attorney's fees.

2

*Not final until disposition of timely filed motion for rehearing.*