# First District Court of Appeal
## State of Florida

_____

No. 1D2022-0191

_____

MATTHEW PATRICK HASLAUER,

Appellant,

v.

ASHLEY MARIE HASLAUER,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

March 6, 2024

WINOKUR, J.

Matthew Patrick Haslauer ("Former Husband") appeals a Final Judgment dissolving his marriage to Ashley Marie Haslauer ("Former Wife") and seeks review of an order granting attorney's fees pursuant to Florida Rule of Appellate Procedure 9.600(c)(3). We affirm the dissolution judgment. However, because we find that Former Wife did not establish her entitlement to attorney's fees pursuant to section 61.16, Florida Statutes, we vacate the fee order.

## I

When the parties married in 2015, Former Husband had a money market account with a balance of approximately $21,000. At some point after the marriage, the account became a joint account between Former Husband and Former Wife. Sometime later, Former Wife told Former Husband that she wanted a divorce. Before either party filed a petition for dissolution of marriage, Former Husband transferred approximately $17,500 from the joint account into a separate account that he alone controlled. When confronted by Former Wife about the transfer, Former Husband stated: "I need those funds in an accessible account to pay for my lawyer." True to his word, Former Husband then used those funds to retain the services of an attorney. Not long thereafter, Former Husband filed a petition for dissolution of marriage.

Former Wife filed a counter petition, which included a boilerplate request for attorney's fees:

> The Wife has become obligated to pay the undersigned attorney a reasonable fee and costs to represent her in this action, on both a temporary and permanent basis. The Husband has the financial resources to pay same and should be required to do so.

In that request, however, Former Wife did not allege that she needed financial assistance so that she could obtain the services of an attorney. Nor did Former Wife file a request for an interim fee order so that she could continue to maintain or defend the action.

As part of the equitable distribution of marital assets and liabilities in the final judgment of dissolution of marriage, the trial court ordered Former Husband to make a $41,000 equalization payment to Former Wife.[1] After considering salaries and child support, the parties monthly net incomes were roughly equivalent: $6,845 for Former Husband and $6,854 for Former Wife. At the

---

[1] The trial court granted a motion for rehearing in part by reducing the equalization payment from $49,000 to $41,000.

time of dissolution, Former Wife had an annual salary of $98,000 and Former Husband had an annual salary of $128,000. Former Wife did not request spousal support; however, the trial court ordered Former Husband to pay her $850 per month in child support.

Regarding attorney's fees, the Final Judgment of Dissolution of Marriage ordered Former Husband to pay Former Wife's attorney's fees without making any specific findings of fact to support and explain the decision, saying only "[Former] Wife is found to have the need and the [Former] Husband is found to have the ability to pay [Former] Wife's attorney's fees and costs." The court reserved jurisdiction to determine the amount. In the order on rehearing, the trial court characterized the fee order as an equitable reimbursement for Former Husband's unilateral transfer of marital funds:

> The Court cannot as a matter of equity allow one party to spend marital funds on that one party's attorney's fees without taking that into consideration in the award of attorney's fees to the other party. The payment of attorney's fees is not a race that benefits the faster in this matter.

After Former Husband filed a notice of appeal, the trial court conducted a hearing to determine the fee amount, ruling that Former Wife was entitled to $58,738.59 from Former Husband for her attorney's fees. Former Husband then filed another notice of appeal, which this Court treated as a motion for review under Florida Rule of Appellate Procedure 9.600(c)(3).

II

Section 61.16, Florida Statutes, authorizes a trial court to order one party to pay another party's reasonable attorney's fees in a proceeding held under Chapter 61, Florida Statutes. *See* § 61.16(1), Fla. Stat. ("The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding

3

under this chapter, including enforcement and modification proceedings and appeals.").

We note first that section 61.16 "is not a prevailing party fee statute." *Schneider v. Schneider*, 32 So. 3d 151, 156 (Fla. 4th DCA 2010) (citing *Widder v. Widder*, 673 So. 2d 954 (Fla. 4th DCA 1996)); *see also Humerickhouse v. Humerickhouse*, 932 So. 2d 1142, 1145 (Fla. 2d DCA 2006) ("An award of attorney's fees in domestic support cases is not dependent on one party's success in the litigation but rather upon the parties' relative financial resources.") (citing *Bullock v. Jones*, 666 So. 2d 224, 225 (Fla. 2d DCA 1995)). Instead, as the supreme court explained in *Rosen v. Rosen*, the purpose of section 61.16 is "to ensure that both parties have similar access to competent legal counsel, the trial court must look to each spouse's need for suit money versus each spouse's respective ability to pay." 696 So. 2d 697, 699 (Fla. 1997); *see also Mishoe v. Mishoe*, 591 So. 2d 1100, 1101 (Fla. 1st DCA 1992) ("Attorney's fees may be awarded in domestic cases to insure that each party has a similar ability to secure competent legal counsel."). Section 61.16 helps mitigate the future harm that would otherwise result from an economic disparity between the parties. *See Nichols v. Nichols*, 519 So. 2d 620, 621–22 (Fla. 1988) ("[T]he equitable considerations underlying our dissolution law compel the trial court to mitigate the harm an impecunious spouse would suffer where the other spouse's financial advantage accords him or her an unfair ability to obtain legal assistance." (citation omitted)); *see also Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 835 (Fla. 1990) ("A significant purpose of [section 61.16 as a] fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party.").

Because it provides "access" to legal representation, section 61.16 contemplates a prospective, rather than a retrospective, fee order. This court explained this principle in *Jessup v. Werner*, 354 So. 3d 605, 608–09 (Fla. 1st DCA 2022):

> [A] trial court must consider whether the requesting party has a lack of access to money or other assets that precludes him or her from hiring counsel to assist in ably seeing the proceeding through to its conclusion. The

4

statute uses the phrase "from time to time," which indicates the interlocutory and ongoing nature of the consideration in a dissolution or paternity action. This approach stands in marked contrast with that taken in a case involving a typical prevailing-party fee provision, where a trial court would not consider a fee request until after a final judgment is rendered.

In this case, the trial court did not make an interim order regarding attorney's fees. Instead, it tucks into its final paternity judgment just a preliminary determination of whether there should be a fee payment at all. In doing so, it treats the fee determination as a matter of *reimbursement* for fees that the mother ostensibly already paid, and perhaps for fees she still has to pay. Section 742.045, though, is not a reimbursement provision, like a prevailing-party provision might be. Instead, the terms of section 742.045, as characterized by the supreme court, required the trial court to consider whether the mother *needed* money from the father to hire and retain competent counsel to represent her in the proceeding.

*But see Nichols*, 519 So. 2d at 621 (concluding that denying a spouse's motion for temporary attorney's fees solely because the spouse was represented by counsel at the hearing was unacceptable because it "would mean that the requesting spouse as a matter of sheer formality must appear pro se in order to be entitled to temporary attorney's fees").

"A trial court's order granting or denying a request for attorney's fees [under section 61.16] is reviewed for abuse of discretion." *Dennis v. Dennis*, 230 So. 3d 1277, 1278 (Fla. 1st DCA 2017) (citing *Broemer v. Broemer*, 109 So. 3d 284, 290 (Fla. 1st DCA 2013)).

5

III

The fee order is erroneous in several respects, which we address in turn.

A

In her counter-petition, Former Wife only included a generic request for attorney's fees. Although Former Wife alleged that "Husband has the financial resources" to pay the attorneys' fees for both parties, the counter-petition failed to allege that Former Wife could not obtain the services of a competent attorney without an order under section 61.16. Instead of demonstrating how, for example, Former Husband's unilateral transfer of funds created a need for an order under section 61.16, Former Wife alleged that she used a "high interest credit card" to retain the services of her attorney. Then at trial, Former Wife testified that she wanted Former Husband to pay her attorney's fees because she "already paid his attorney's fees."

But as stated above, equitable reimbursement is not the purpose of section 61.16. Because the counter-petition failed to plead an immediate need for financial assistance, it did not establish a basis for an award of attorney's fees under section 61.16. *See Longmeier v. Longmeier*, 921 So. 2d 808, 809 (Fla. 1st DCA 2006) (finding that "a request for fees must be specifically pled under section 61.16, which is a discretionary-fee provision," and that "it is error for a trial court to award attorney's fees pursuant to section 61.16(1) where attorney's fees are not specifically pled." (citation and footnote omitted)); *see also Szymanski v. Szymanski*, 603 So. 2d 73, 74 (Fla. 4th DCA 1992) (holding that an award of attorney's fees and costs in a dissolution proceeding is error "in the absence of a properly pled request").

B

Given the sizeable equalization payment ($41,000) and the balanced economic positions of the parties (net monthly income of approximately $6,850.00 for both), Former Husband "is in no better position [than Former Wife] to pay attorney's fees." *Galligar v. Galligar*, 77 So. 3d 808, 810 (Fla. 1st DCA 2011). Because both

6

parties have a similar ability to pay their own legal fees, the trial court erred when it ordered Former Husband to pay Former Wife's attorney's fees under section 61.16. *See Haywald v. Fougere*, 164 So. 3d 786, 787 (Fla. 1st DCA 2015) ("It is an abuse of discretion to grant fees where both parties are equally able to pay their own."). *See also Williams v. Jones*, 290 So. 3d 609, 611 (Fla. 1st DCA 2020) (finding that after "an equitable distribution of the marital property has been achieved and the trial court has equalized incomes through its alimony award, the trial court abuses its discretion in awarding attorney's fees."); *Nolan v. Nolan*, 188 So. 3d 977, 980 (Fla. 1st DCA 2016) (holding that an award of attorney's fees is error "if the equal distribution of the marital property has been achieved and the trial court equalized incomes through its alimony awards." (citation omitted)).

C

The trial court waited until the end of the proceedings to order Former Husband to pay Former Wife's attorney's fees under section 61.16. With regard to Former Husband's ability to pay, the court found that "his gross annual pay is $128,213.00." As to Former Wife's need for financial assistance, however, no specific findings of fact support or explain the trial court's determination. To the contrary, the court found that Former Wife works "as a Civilian Contracting Officer with the Department of Veteran Affairs [and] her gross annual pay is $98,286.00."

Given these facts as well as the lack of any specific finding as to Former Wife's need for financial assistance, we see no basis in the record to support the trial court's decision to order Former Husband to pay Former Wife's attorney's fees. The failure to make specific findings of fact to support its decision also constitutes reversible error. *See Dorsey v. Dorsey*, 266 So. 3d 1282, 1289 (Fla. 1st DCA 2019) (holding that an "award of fees and costs under section 61.16 must include specific findings of fact to support and explain the ruling" and that the "absence of any such findings requires reversal of this part of the final judgment and a remand for specific findings of fact to support any directive for contribution"); s*ee also Fleming v. Fleming*, 279 So. 3d 763, 765 (Fla. 1st DCA 2019) (same); *Allen v. Allen*, 114 So. 3d 1102, 1104 (Fla. 1st DCA 2013) (same).

7

## D

We specifically reject the trial court's reliance on a footnote in *Bellows v. Bellows*, 245 So. 3d 999 (Fla. 4th DCA 2018), which stated as follows:

> However, if a spouse depletes a marital asset to pay for attorney's fees in the dissolution case, it follows that a trial court may take this factor into account in determining whether the spouse has a need for an award attorney's fees and, if so, the amount of the spouse's need for attorney's fees.

*Id.* at 1001 n.1. Unlike this case, however, *Bellows* did not involve an order requiring one party to pay the other party's attorney's fees. Rather, *Bellows* involved a challenge to the trial court's decision to distribute a valueless account to the former wife. *Id.* at 1000–01. The parties in that case had a joint account that "had a marital value of $7,145 as of the date of the petition for dissolution." *Id.* at 1001. The wife "used this asset on attorney's fees and living expenses during the pendency of the [dissolution proceedings]." *Id.* Although "[t]here was no evidence or finding of misconduct," the lower court apparently included the un-depleted value of the asset in the equitable distribution grid. *Id.* at 1000–01. Expressed in terms of valuation dates, the trial court valued the asset as of the date of the petition ($7,415) – not as of the date of dissolution ($0).

The Fourth District reversed in *Bellows*, stating: "As the case law makes clear, depleting an asset to pay attorney's fees in the divorce case is insufficient, without a finding of misconduct, to warrant assigning the depleted asset as part of the equitable distribution plan." *Id.* at 1000. At the end of that sentence, the court included the footnote cited by the lower court in this case– that depletion of a marital asset can be taken "into account in determining whether the spouse has a need for an award attorney's fees." *Id.* at 1001 n.1. However, nothing in *Bellows* suggests that a trial court can order the payment of attorney's fees under section 61.16 without making specific findings of fact to support and explain the award. In short, *Bellows* simply recognizes the possibility of a 61.16 award.

E

As stated above, nothing in section 61.16 permits payment of fees merely because a party unilaterally transferred funds for that party's use in the dissolution. But regardless of section 61.16, without any trial court finding of misconduct by Former Husband, the trial court could not reimburse Former Wife for Former's Husband's unilateral transfer of funds. *See Ballard v. Ballard*, 158 So. 3d 641, 642–43 (Fla. 1st DCA 2014) (holding that "[s]ums that have been diminished during dissolution proceedings for purposes reasonably related to the marriage, such as attorney's fees for the dissolution, should not be included in an equitable distribution scheme unless there is evidence that one spouse intentionally dissipated the asset for his or her own benefit and for a purpose unrelated to the marriage" and that "[i]n that event, the trial court must make a specific finding of intentional misconduct.").

The court specifically found that Former Husband committed no misconduct. In the order on rehearing, the trial court characterized the fee order as an equitable reimbursement for Former's Husband's unilateral transfer of marital funds (to pay his own attorney's fees). However, the trial court expressly found that Former Husband did not engage in intentional misconduct when he made the unilateral transfer: "The Court does not find the [Former Husband]'s dissipation resulted from intentional misconduct . . . ."

Absent misconduct, Former Husband was free to use marital funds to pay his legal fees for the dissolution proceeding. *See Lopez v. Lopez*, 135 So. 3d 326, 329 (Fla. 5th DCA 2013) ("Attorney's fees spent on the dissolution of the marriage are considered reasonable living expenses."); *see also Bellows*, 245 So. 3d at 1000 ("Where a spouse depletes an asset for attorney's fees or reasonable living expenses and there is no finding of misconduct, the asset should not be assigned to that spouse as part of the equitable distribution plan.").[2]

---

[2] The trial court's erroneous finding regarding Former Wife's entitlement to attorney's fees was made in the dissolution order rather than the later order awarding fees to Former Wife. Because

IV

For the reasons outlined above, we grant the Former Husband's motion for review of the order awarding attorney's fees to Former Wife. We affirm the dissolution order.

AFFIRMED in part, VACATED in part, and REMANDED.

ROBERTS, J., concurs; TANENBAUM, J., concurs with opinion.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

TANENBAUM, J., concurring.

Key to the error that we are correcting here on a motion for review is the fact that the post-decretal fee order is retrospective and remedial. That is not what section 61.16, Florida Statutes, authorizes. The terminology used in section 61.16 points to the relief allowed being temporary and prospective, awardable *during*

_____

the award of fees was intertwined with the equitable distribution of marital assets and liabilities, we initially viewed the entitlement to the award as appealable under Rule 9.110(h) with the amount of the award separately reviewable by motion under Rule 9.600(c)(3). *See generally Nolan v. Nolan*, 188 So. 3d 977, 980 (Fla. 1st DCA 2016) ("A trial court abuses its discretion in awarding attorney's fees if the equal distribution of the marital property has been achieved and the trial court equalized incomes through its alimony awards."). However, the more traditional view is that the issue was nonfinal until the court awarded fees. *See, e.g., McGee v. McGee*, 264 So. 3d 1087, 1089 (Fla. 1st DCA 2019) (noting that a portion of the final judgment determining entitlement to fees but not awarding fees is nonfinal). Accordingly, we have addressed this matter pursuant to motion for review of the fee order under Rule 9.600(c)(3).

the pendency of one of the phases of the dissolution proceeding and not "after the fact." *See* § 61.16(1), Fla. Stat. (allowing a trial court, "*from time to time*," to "order a party pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any [dissolution proceeding], including enforcement and modification proceedings and appeals" (emphasis supplied)); *cf.* § 61.052(3), Fla. Stat. (listing the interim orders that a trial court may make while the dissolution proceeding is ongoing: "for the support and alimony of the parties; the parenting plan, support, maintenance, and education of the minor child of the marriage; attorney's fees; and the preservation of the property of the parties"); § 61.071, Fla. Stat. (authorizing an allowance for "alimony and suit money" *pendente lite*, or while the suit is pending).

As the majority opinion observes, the purpose of the statute is to ensure that both spouses have equivalent access to capable legal counsel. To fulfill that purpose, a trial court necessarily will be looking prospectively: How much does the requesting spouse *need* (but does not have) so that he or she can pay a lawyer to keep prosecuting or defending the dissolution, enforcement, modification, or appellate proceeding? Once the trial court makes that assessment, the trial court will consider whether the other spouse has the financial resources to cover that need in the interim. *Cf.* § 61.16(1), Fla. Stat. (requiring the trial court to consider "the financial resources of both parties").

Because it is prospective, the trial court's order under section 61.16 does not operate like a judgment: It does not permanently establish a legal right of one spouse against the other or alter the legal relationship between the spouses that extends beyond the trial court's jurisdiction over the parties. *Cf.* § 61.052(4), Fla. Stat. (providing for a "judgment of dissolution of marriage" that "result[s] in each spouse having the status of being single and unmarried"); § 61.075(2), Fla. Stat. (stating that any award of a cash payment as part of equitable distribution "vest[s] when the judgment is awarded and the award shall not terminate upon remarriage or death of either party . . . but shall be treated as a debt"); § 61.075(4), Fla. Stat. (stating that the "judgment [equitably] distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or

acquisition which is recorded in the county where the property is located"); § 61.075(9), Fla. Stat. (requiring trial court to "consider whether a judgment of alimony shall be made" after it determines the "equitable distribution of the marital assets and liabilities"); § 61.13(3), Fla. Stat. ("For purposes of establishing or modifying parental responsibility and creating, developing, approving, or modifying a parenting plan, including a time-sharing schedule, *which governs each parent's relationship with his or her minor child and the relationship between each parent with regard to his or her minor child*, the best interests of the child must be the primary consideration." (emphasis supplied)).

The order instead establishes an obligation on the part of the payor spouse, at the hands of the trial court—the order then being enforceable through contempt proceedings rather than through execution. *See* § 61.16(2), Fla. Stat.; *but cf.* § 61.11, Fla. Stat. (authorizing a writ of bodily attachment to enforce support obligation); § 61.14, Fla. Stat. (providing for modification and enforcement of alimony and child-support orders, including contempt proceedings for non-payment of alimony or child support, and for a judgment of delinquency for non-payment of child support); § 61.17, Fla. Stat. (providing for enforcement of an "order or judgment for the payment of alimony or child support," including through a "judgment for arrearages").

An order under section 61.16, then, is not supposed to be remedial. Contrast this type of an order with a judgment awarding fees to a prevailing party, which adjudicates that party's legal entitlement to fees based on the application of law to a judicially determined set of facts about events that already have occurred. This judgment comes after rendition of an earlier judgment that has made one party or the other the prevailing one—a post-decretal, supplemental and recordable judgment that is separately appealable as such. *Cf. Clearwater Fed. Sav. & Loan Ass'n v. Sampson*, 336 So. 2d 78, 79 (Fla. 1976) (characterizing a true "interlocutory order" as one leading up to a final judgment and distinguishing that type of order from a "final post decretal order," which is one coming after a final judgment that nevertheless "is dispositive of any question" and "completes the judicial labor on that portion of the" post-judgment cause).

An order under section 61.16 does not have this effect. It is interlocutory and procedural and allows the trial court to manage the spouses' relative ability to hire and keep counsel during a phase in the dissolution proceeding. For this reason, Florida Rule of Appellate Procedure 9.600(c) allows for our review of such orders by motion for review to be filed in the appeal of the underlying judgment. *But cf.* Fla. R. App. P. 9.130(a)(3)(C)(iii)a. (providing for an appeal of a non-final order in a family law matter that determines a right to immediate monetary relief).

It is important to highlight here, then, that the final order on appeal is the final judgment of dissolution, which was dated October 26, 2021, as modified on the former husband's motion for rehearing. Among other things, it dissolved the marriage, established parenting responsibility and timesharing, and distributed marital assets. To be sure, the judgment effected a significant, conclusive change in the legal relationship and the relative rights between the divorcing parties and their children. As to the marital assets, the judgment is conclusive regarding what the trial court determines to be a fair and just division. There is no statutory provision that authorizes alteration of that distribution. Any "true-up" to correct for any interim imbalances must occur at the time of the judgment making the distribution. *Cf.* § 61.075(1), (3), Fla. Stat. (requiring presumption of equal distribution but allowing for "an unequal distribution" based on a variety of factors, including "factors necessary to do equity and justice between the parties," but at all events requiring that the trial court make "factual findings in the judgment" that support the court's "rationale" for the distribution); § 61.075(5), Fla. Stat. (allowing for "interim partial distribution during the pendency of a dissolution action" but requiring that the court take the interim distribution into account "and give appropriate credit . . . in its final allocation of marital assets and liabilities").

In awarding the fee order on review in this case, rather than focus on whether the former wife had a continuing need to hire or retain counsel in the dissolution proceeding (say, for enforcement or modification of the court's orders)—as section 61.16 requires—the court made its determination looking backwards at the equitable distribution reflected in the judgment that had just become final. The trial court made the fee award based on the

13

rationale that it "cannot, as a matter of equity, allow one party to spend marital funds on that one party's attorney's fees without taking that into consideration in the award of attorney's fees to the other party." This is not a permissible basis for a fee award under section 61.16.

The order in essence second-guesses the equitable distribution—which already included an equalization payment of $49,128.51 from the former husband to the former wife—by requiring *an even larger, additional cash payment* to make everything fairer. Section 61.16 cannot be used as an end-run around the well-established principle of a judgment's finality. *See Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson*, 236 So. 2d 1, 3 (Fla. 1970) ("Unless a proper motion or petition is filed within the allotted time, the judgment or order of the trial court becomes absolute. Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment."); *Kippy Corp. v. Colburn*, 177 So. 2d 193, 196–97 (Fla. 1965) (same); *see also Pruitt v. Brock*, 437 So. 2d 768, 773 (Fla. 1st DCA 1983) (describing two mechanisms by which a trial court can reconsider and correct its own final judgment—timely motion for rehearing and timely motion for relief from judgment—and observing that the trial court otherwise loses jurisdiction over its judgment). By the time of the award, in fact, the dissolution proceeding in the trial court had come to an end, and an appeal had commenced in this court. The trial court had no authority to reconsider how it distributed the marital property between the former spouses and try to "make it right" via a fee order.

Meanwhile, it is quite telling that the trial court made a general finding in the dissolution judgment that the former wife had a need for suit money and the former husband had an ability to pay, without making any determination as to an amount. The trial court's approach here is redolent of that used in civil litigation: Make an initial determination of entitlement, based on who the prevailing party is, and determine an amount at a later hearing. This is not the correct approach, because section 61.16 does not authorize prevailing party fees. The only question for the trial court was whether, at the time it was considering an award of fees, the former wife *still* needed money for a lawyer.

14

After the judgment was entered, though, how could there still be a need? The former wife had had the benefit of counsel all along, and at no point during the dissolution proceeding did she claim that she needed money from the former husband to pay for her lawyer. She made the decision instead to finance her lawyer's fees by credit card. Her decision to incur her own debt to pay for her lawyer, rather than to seek assistance from the court, was hers alone to make. She (and her lawyer) now must live with that decision because the law does not allow for any alternative once the equitable dissolution judgment was rendered. This is not to say the former wife now could not still seek some award of fees *prospectively* to cover her continued need for counsel to prosecute this appeal or to modify or enforce the timesharing or support components of the dissolution judgment. The former wife, however, was not seeking prospective litigation support when she obtained the current fee order, so that is not a basis before us for review.

For the reasons set out in more detail in the majority opinion, I concur in affirming the dissolution judgment and in vacating the fee order rendered under section 61.16.

_____

Michael T. Webster of Michael T. Webster, P.A., Shalimar, for Appellant.

Tonya C. Petermann of Tonya C. Petermann, P.A., Fort Walton Beach; Richard D. Zasada of Zasada Law, LLC, Miramar Beach, for Appellee.